## CAMPBELL *v.* SWASEY and Others.

An attorney who appears as a mere *amicus curiæ*, has no right, in that character, to except to the rulings of the Court.

A party may enter a special appearance and move to set aside defective process, and will not thereby waive the right to object to such defects.

Where the sheriff's return to a summons is subscribed by his deputy, who does not use the name of his principal at all, but the record shows that the sheriff in person amended the return in open Court, and the defendant, without objecting to the return for that cause, entered a general appearance to the action, the return was held sufficient, although it should have been signed with the name of the sheriff by his deputy.

If several paragraphs of an answer amount to no more than a general denial of the complaint, which is also contained in the answer, they will be stricken out on motion.

Where judgment has been rendered for the right party, but for excessive damages, it is ground for a new trial, and can only be taken advantage of under the code, by that method.

APPEAL from the *Switzerland* Court of Common Pleas.

PERKINS, J.—Suit by the payees against the acceptor of a bill of exchange of the following tenor:

"$343 04.     *Cincinnati, O., October* 10, 1855.

Three months after date, pay to the order of *John Swasey & Co.*, at *Canal Bank*, in *New Orleans*, three hundred and forty-three dollars and four cents, value received, and charge the same to the account of

[Signed]   Yours, &c.,   *M. B. Ross.*

To *John D. Campbell*,   No. 833,   *New Orleans, La.*

Accepted, *January* 3, [Signed] *John D. Campbell.*"

The writ in the case was issued to the sheriff, but the return of service upon it was as follows:

"Came to hand, *August* 29, 1856. Served as commanded, by leaving a copy of this writ at said *Campbell's* house, *September* 13, 1856. [Signed]   *Ira Keeney*, Dep. Sheriff."

The defendant's counsel appeared as *amicus curiæ*, and moved to set aside the return as insufficient, without pointing out wherein.

The plaintiffs' counsel thereupon obtained leave of the Court for the sheriff to amend the return.   He amended it as follows:

"Came to hand, *August* 29, 1856. Served as commanded, by leaving a copy of this writ at said *Campbell's* residence. *September* 13, 1856. [Signed]   *Ira Keeney*, Dep. Sheriff."

The counsel then renewed their motion to set aside the return as amended, as insufficient, without pointing out wherein—which motion the Court overruled.

The attorneys of the defendant then entered an appearance for him, and filed his answer.

We will here dispose of the questions made upon the rulings of the Court touching the service of process.

It is doubtful whether a person who appears simply as *amicus curiæ*, can take an exception to the ruling of the

Court upon any motion or suggestion made by him. Indeed we can see no reason why he should be allowed to do so. He acts for no one, but simply seeks to give information to the Court. The Court may, and sometimes does, of its own motion, ask of counsel information upon a point of doubt, and while a friend may advise, it is difficult to discover his right to compel a Court to an admission of its error in acting upon the advice.

In 2 Show. R., a counsel urged that he might, as *amicus curiæ*, inform the Court of an error in proceedings, to prevent giving false judgment; but this was denied, unless the party was present. Taylor's Law Gloss. 44.

But there may be a special or partial appearance by a party, or by counsel for their client, to move to set aside defective process; and such appearance will not, as would full appearance, waive such defects. Ind. Dig. 126. On such special appearance a bill of exceptions might be taken.

The return to the writ, in this case, was informal. It should have been signed with the name of the sheriff, by *Ira Keeney*, deputy sheriff. *Patterson* v. *The State*, 10 Ind. R. 296.—*The New Albany, &c., Co.* v. *Grooms*, 9 Ind. R. 243. But counsel did not point out this as an objection. Had they, it would doubtless have been obviated by amendments; and further, the record shows that the return, as amended, was actually made by the sheriff. We think, under these circumstances, the informality in the return cannot operate to reverse the judgment. We proceed to other points.

Certain paragraphs in the answer were stricken out on motion. This act was excepted to. Many defects may exist in pleadings besides the six which, by statute, may be reached by demurrer. These must be objected to and removed upon motion. *Johnson* v. *The Crawfordsville, &c., Co.*, 11 Ind. R. 280. The paragraph stricken out in this case amounted to no more than the general issue. *The Indianapolis, &c., Co.* v. *Taffe*, 11 Ind. R. 458.

The cause was tried by the Court; finding for the plaintiffs for the amount of the note, costs of protest, interest,

and five per cent. damages; and judgment on the finding. No motion for a new trial was made, and no special exception was taken to any part of the finding of the Court.

The item of damages in the finding was wrong. Such damages are not of common-law right, but depend upon statute. Perhaps a recovery may be had upon a foreign bill for reëxchange, where proof upon the point is made; but it is not necessary that we should here decide the point, as no such proof was made in this case. Byles on Bills, 329.—Sedgw. on Dam. 241. Our statute gives damages. Section 7, 1 R. S. p. 379, reads thus:

"Damages payable on protest for non-payment or non-acceptance of a bill of exchange drawn or negotiated within this state, shall be, if drawn upon any person at any place out of this state, but within the *United States,* five per cent."

The bill in suit is not governed by our statute. It is an *Ohio* bill. We presume, in the absence of proof to the contrary, that the common law prevails in *Ohio,* as to the point in question (2 Phil. Ev., 4 Am. ed. 129); and had the attention of the Court been called to it by a motion for a new trial, it would, doubtless, at once have corrected its finding. This case happily illustrates the propriety of such motions. But the motion was not made, the objection was not taken below, and it is too late to raise it, for the first time, here. The policy of the law, and the rules of practice, should be such as will tend to produce correct judgments in the inferior Courts, and will make it the interest of counsel to aid the Court in arriving at such results.

If the face of the record made it apparent that judgment was rendered for the wrong party, the point would be good on appeal without an exception having been taken; but excessive damages, where the judgment is for the right party, is ground for a motion for a new trial, and should be taken advantage of, under the code, by that method. 2 R. S. p. 117.

May Term,
1859.

*Per Curiam.*—The judgment is affirmed with 1 per cent. damages and costs.

*T. Gazlay* and *C. Gazlay*, for the appellant.

*S. C. Stevens*, for the appellees.