.Lucas *v.* Smith et al.

PRACTICE.—*Motion to Strike Out Part of Pleading.*—Where a motion to strike out part of a pleading does not allege any reason therefor, it should be overruled.

SAME.—*Evidence.*—*Admissions.*—*Conduct.*—Evidence of the statements and conduct of a party to a suit in relation to the matter in issue is relevant and admissible on the tri.d thereof, on behalf of the opposite party.

From the Warren Circuit Court.

*W. H. Mallory* and *F. M. Dice*, for appellant.

*L. Nebeker* and *S. M. Cambern*, for appellees.

HOWK, J.—This is an action, originally commenced in the Fountain circuit court, by the appellees, as plaintiffs, against the appellant and the Indianapolis, Bloomington and Western Railway Company, as defendants. Appellees' complaint counted upon appellant's written promise to pay the said railway company the sum set opposite his name, alleged to have been one hundred dollars, for the purpose of aiding and assisting said company in the construction of a railroad from Indianapolis to Danville, Illinois, upon the condition that the subscription should

not be due and payable until said railroad was completed and in running order, from Indianapolis, to the town of Covington, Indiana. And it was alleged in said complaint that before the commencement of this action the said railroad was completed and in running order, from Indianapolis, to said town of Covington, that said railway company had assigned and delivered said subscription to the appellees, and it was made a defendant to answer as to its interest in said subscription, and that said subscription was then due and payable and remained wholly unpaid. Issues were formed on this complaint, and a trial was had in the Fountain circuit court, which resulted in a finding and judgment, on September 9th, 1871, in favor of the appellees, and against appellant, for one hundred and six dollars and costs of suit.

From this judgment, appellant prosecuted an appeal in this court, the result of which appeal was a judgment by this court, at its May term, 1873, reversing the judgment of the Fountain circuit court, and remanding the cause for a new trial and for further proceedings. The decision of the cause by this court was reported, under its present title, in 42 Ind. 103. In announcing and giving the reasons for the decision of this court, OSBORN, J., said: " The subscription, as set out in the bill of exceptions, is for one dollar. There is no averment in the complaint of any mistake or any evidence relative to the amount subscribed, except the subscription itself. It was for one dollar, and not for one hundred dollars as claimed by the appellees. The finding of the court was for too much, and a new trial ought to have been granted."

On the return of this cause, from this court, to said Fountain circuit court, the appellees, with leave of the latter court, filed an additional second paragraph of their complaint, alleging therein, in substance, the same matters which had been alleged in their original complaint, and these additional averments: " plaintiffs aver that the figures opposite the signature of said defendant, Lewis

A. Lucas, mean, and at the time of signing the said instrument were intended by said Lucas to mean, one hundred dollars; but that by some inadvertence or mistake the amount was written in such a way as to appear upon its face as one dollar, the figure '1,' only, being put in the column for dollars, and the balance being put in the column for cents; but that, at the time of making the aforesaid contract, the intention of said parties was that the said subscription was and should be for one hundred dollars."

Appellant then moved the said court, in writing, to strike out from said second paragraph of appellees' complaint the said additional averments above recited; but appellant assigned no cause or reason, in his said motion, why the same should be granted. The court below overruled said motion, and to this decision appellant excepted. And appellant answered the said second paragraph of appellees' complaint by a general denial. And the action being at issue, on appellees' application the venue thereof was changed to the court below.

And the action was tried in the court below, by the court, without a jury; which trial resulted in a finding for the appellees, against the appellant, in the sum of one hundred and twenty dollars. And upon written causes filed, appellant moved the court below for a new trial of the action, which motion was overruled by the court, and to this decision appellant excepted. And judgment was rendered by the court below, upon its finding, in favor of the appellees, and against the appellant, from which this appeal is now prosecuted.

In this court, the appellant has assigned the following alleged errors:

1. The court below erred in overruling appellant's motion to strike out part of the second paragraph of appellees' complaint; and,

2. The court below erred in overruling appellant's motion for a new trial of the action.

As before stated, no cause or reason whatsoever was stated or assigned in appellant's motion to strike out, why the same should be sustained. In such a case, in our opinion, it was not the duty of the court below, nor is it any part of our duty, to search for or to conjecture the cause or reason for appellant's motion to strike out. If the appellant had no cause or reason for making his motion, or if, having such cause or reason, he could not and did not state the same in a clear and intelligible manner, in either case the court below correctly overruled his motion; and if the record should disclose, as it does in this cause, such a case as the one stated, the decision of the court below in overruling such motion will not be reviewed by this court.

In appellant's motion for a new trial of this action, he alleged four different causes for such new trial, as follows:

First. The finding and decision of the court below were not sustained by sufficient evidence;

Second. The said finding and decision were contrary to law;

Third. The damages assessed by the court below were excessive; and,

Fourth. Error of the court below in admitting the evidence of George Glasscock, a witness for appellees, over the appellant's objection on the ground that it was irrelevant to the issues, and excepted to at the time.

It does not appear in the record, elsewhere than in appellant's motion for a new trial, that he objected to Glasscock's evidence on the trial, upon any ground, or that the court below overruled such objection or that the appellant excepted to any such ruling.

Glasscock testified, in substance, that he resided in Fountain county, Indiana, and was acquainted with appellant, Lucas; that he was the appellees' agent, and called on appellant for payment, in 1870, after the road was completed; that he said to appellant,—" Your donation is one hundred dollars," and he did not deny its

being one hundred dollars; that he said he had bought some men's time, who had worked on the railroad; that he had some thirty dollars of claims that he wanted to get allowed on it; that witness did not know whether it was up in the old town or down at Stirling he first spoke to appellant about it; the first time was in September, 1870, the second time about Christmas, 1870; the third time witness saw appellant, he looked at it and said it looked like one dollar; that witness asked appellant if he would say that he had made a subscription of one dollar; that he laughed; that witness wanted a hundred dollars of appellant; that he said at that time he was going to stand a law-suit, and that this was at Stirling, and was after Christmas, about January, 1871.

This was all of Glasscock's evidence, and related entirely to conversations between the appellees' agent and appellant about the subject-matter of the action. This evidence was certainly not irrelevant, and that was the ground on which appellant objected to its admission. The court below committed no error in admitting Glasscock's evidence.

We have carefully examined the evidence upon the trial of this cause, which is properly in the record, and in our opinion the finding of the court below was fully sustained by sufficient evidence and was not contrary to law, and the damages assessed by the court were not excessive.

We find no error in the record and no merit in the appeal.

The judgment of the court below is affirmed, with ten per cent. damages, at the appellant's costs.