## HADLEY *v.* GUTRIDGE.

CONTESTED ELECTION.—*County Commissioners Governed by Law Governing Circuit Court.*—On the trial, by the proper board of commissioners, of a proceeding to contest an election, such board is governed "by the rules of law obtaining in circuit courts."

SAME.—*Notice.—Service.—Motion to Set Aside.—Practice.*—A motion in such proceeding, before the county board, on a special appearance for that purpose, to quash the notice of contest, or to set aside the process and the service thereof, on the ground that they are "irregular, defective and insufficient," is too vague, uncertain and indefinite, and points out no valid ground of objection.

SAME.—*Appearance.*—Where, before such board, after the making of such insufficient motion, the contestee enters a full appearance to the proceeding, he may, on appeal to the circuit court, on special appearance, renew the motion made by him before the county board, but can not make a new and different motion to quash the notice.

SAME.—*Sufficiency of Notice.—Summons.—Process.—Statute Construed.*—The notice of contest in such case should not be set aside, or adjudged insufficient, where it sufficiently informs the contestee that a contest has been instituted before the proper county board. Section 18 of the act of May 4th, 1852, 1 R. S. 1876, p. 448, in relation to contested elections, so far as it prescribes the time within, or the manner in which, the sheriff shall serve a notice of contest, is merely directory. *The State, ex rel., etc.,* v. *Hudson,* 37 Ind. 198, overruled.

SAME.—*Sheriff.—Power of.*—A sheriff is authorized by law to serve upon the contestee a copy of the statement of the grounds of contest, delivered to the sheriff by the county auditor, and his return of such service, on the notice of contest, is sufficient.

SAME.—*Mistake.—Ground of Contest.—Evidence.—Pleading.*—A mistake in the count of votes received by a candidate for an office, made by the board of canvassers, whether innocently or otherwise, is good ground for contesting an election, and evidence of the same is admissible, either under a special plea of such mistake or under an allegation that the contestor had received a higher number of votes than his opponent.

From the Morgan Circuit Court.

*S. Claypool, H. C. Newcomb, W. A. Ketcham, G. W. Grubbs, F. P. A. Phelps* and *G. A. Adams,* for appellant.

*W. R. Harrison, W. S. Shirley, J. V. Mitchell, A. G. Porter, W. P. Fishback* and *G. T. Porter,* for appellee.

HOWK, J.—At the general election held in Morgan county, on Tuesday, the 10th day of October, 1876, the

appellant and the appellee were opposing candidates for the office of treasurer of said county. On the Thursday following, being the 12th day of October, 1876, the board of canvassers of said election, for said county, declared the appellant elected to said office of treasurer, by a majority of one vote over the appellee. Within ten days thereafter, to wit, on the 16th day of October, 1876, the appellee, an elector of said county, began this suit or proceeding to contest such election of the appellant, by filing with the auditor of said county a written statement, in form a complaint, specifying the grounds of contest, verified by the affidavit of such elector. This suit or proceeding was thus begun by the appellee, as contestor, against the appellant, as contestee, under and in accordance with the provisions of the 16th section of an act entitled "An act to provide for contesting the election to any state, district, circuit, county or township office," approved May 4th, 1852, 1 R. S. 1876, p. 448. As the appellant has made no objections in this court, either to the form or substance of the appellee's statement of the grounds of contest, we need not set it out in this opinion. Upon the filing of said statement, the auditor issued a notice to the board of county commissioners to meet at the court-house of said county on the 3d day of November, 1876, to try such contested election, and also issued a notice to the appellant, the contestee, to appear at the same time and place; which latter notice, and a copy of said statement, were delivered to the sheriff of said county, for service on the appellant.

At the time and place appointed, the board of commissioners being in session, the appellant, the contestee, entering a special appearance for that purpose only, moved "the court to quash the summons in the cause, for the reason that said summons, notice in said cause, is irregular, defective and insufficient;" and he also moved "to set aside the process and service in said cause, because the same are irregular, defective and insufficient." These

motions were severally overruled; and the appellant, the contestee, appeared fully in said cause, and moved the court to require the appellee, the contestor, to make his statement of the grounds of contest more definite and specific, which motion was also overruled. The appellant then filed two written motions, each to strike out certain parts of appellee's statement or complaint, one of which motions was sustained, and the other was overruled, by the court. Appellant then demurred to appellee's statement, or complaint, and to each ground of contest therein specified, for the want of sufficient facts therein, which demurrers were overruled by the court. And the appellant then answered the appellee's statement, or complaint, by a general denial, and by two special defences, one of which was called a cross-complaint, which we need not specially notice.

Appellee replied to appellant's special defences by a general denial and a special reply, which special reply the court struck out, on appellant's motion. The cause was then tried by the court, and a finding made that the appellee, the contestor, had the highest number of legal votes for the office of treasurer of said county, and the court rendered judgment accordingly in appellee's favor, from which judgment the appellant, the contestee, appealed to the court below.

At the February term, 1877, of the court below, the appellant, the contestee, entered a special appearance for that purpose only, and filed a new and different motion in writing, to quash the notice of contest and to set aside the service thereon. We have already set out the substance of the appellant's motions, for the same purpose, as made before the board of commissioners; and to show the difference between those motions and the motion made in the court below, we set out a copy of the latter motion, as follows:

"The State of Indiana, Morgan County, ss.

"In the Circuit Court, February term, 1877.

Hadley *v.* Gutridge.

"*Lemuel Gutridge, Contestor,* v. *Jonathan Hadley, Contestee.*

" Comes now the said Hadley, contestee herein, and enters a special appearance to the above action for the purpose of this motion only, and nothing else, and now moves the court to quash the notice, issued by the auditor in the said cause to this contestee, for the following reasons : The said notice is irregular, defective, insufficient, and that the same does not state any definite time for the said contestee to appear.

"And the said contestee, appearing specially as aforesaid, further moves the court to set aside the sheriff's return of service upon the said notice, for the following reasons : That the same is defective, irregular, insufficient, and does not show that the said notice was served on the contestee, by delivering to him a copy thereof, or by leaving a copy thereof at his last usual place of residence.    [ Signed,]    JONATHAN HADLEY," etc.

This motion was overruled by the court below, and to this decision the appellant, the contestee, excepted and filed his bill of exceptions.

On motion of the appellee, the contestor, and over the objection of the appellant, the contestee, the appellee had leave to and did file an additional and third paragraph of his reply to appellant's answer. And the appellant moved the court below to strike out said third reply, which motion was overruled, and appellant excepted. Appellant also moved the court below to strike out the second reply, which motion was also overruled, and the appellant excepted. Appellant demurred to each of the second and third paragraphs of reply, for the want of sufficient facts therein ; which demurrers were sustained as to the second, and overruled as to the third reply, to which latter decision the appellant excepted. And the cause, being at issue, was submitted for trial to the court below

without a jury, upon a written agreement, of which the following is a copy, to wit:

" It is agreed, for the purposes of a trial of this cause, at the present term of this court, as follows:

" 1st. That the said contestee, Jonathan Hadley, was declared elected by the certificate of the board of canvassers, by a majority of only one (1) vote;

" 2d. That the said contestee, Jonathan Hadley, received, at said election, two (2) illegal votes;

" 3d. That the said contestor, Lemuel Gutridge, received, at said election, ten (10) illegal votes;

" 4th. That the board of canvassers, in casting up the returns from the several voting precincts of said election, and in certifying the result of said election, made a mistake of ten (10) votes against the contestee, Lemuel Gutridge, counting him ten (10) votes from one precinct, to wit, Jackson township, less than the returns from said Jackson township showed him entitled to, the returns of the board of judges showing, that the contestor received two hundred and thirty-two (232) votes, and said board of canvassers by mistake allowed contestor only two hundred and twenty-two (222) votes from said township of Jackson;

" 5th. That the said contestor and said contestee were rival candidates for said office of treasurer of Morgan county at said election, and they were the only persons voted for for said office, and that they are each eligible to hold said office;

" 6th. That the certificate of return of the board of canvassers showed, that Hadley received nineteen hundred and seventy-four (1,974) votes, and Gutridge received nineteen hundred and seventy-three (1,973) votes.

" The contestee reserves the right to object to the competency of the evidence as to the mistake made by the board of canvassers, mentioned in the 4th article of agreement herein. Waiving all objections on account of form."

This agreement was entitled in this cause, and was signed by the attorneys of the parties respectively. It appears from a bill of exceptions, which is properly in the record, that this agreed statement of facts was all the evidence given on the trial of this cause. Thereupon the court below found for the appellee, the contestor, that he, the said Lemuel Gutridge, was duly elected, at said election, to said office of treasurer of Morgan county, and that the appellant, the contestee, was not elected to said office.

Appellant's written motion for a new trial, and also his motion in arrest of judgment, were each overruled by the court below, and to each of these decisions he excepted. And judgment was then rendered by the court below, upon and in accordance with its said finding, in favor of the appellee, the contestor, and against the appellant, the contestee; from which said judgment this appeal is now here prosecuted by the appellant.

In this court, the appellant has assigned, as errors, the several decisions of the court below adverse to him. We need not set out these alleged errors, as several of them have not been noticed even by appellant, in argument. Instead thereof, regarding all other errors as, at least impliedly, waived, we will consider and decide only those questions which the appellant's learned attorneys have presented and discussed in their well-considered brief of this cause in this court.

The first error assigned by appellant is as follows:

"The court erred in overruling appellant's motion, on special appearance, to quash the notice of contest, and to set aside the sheriff's return of service thereon."

In the 18th section of the act before referred to, to provide for contesting elections, it is provided, that when the statement of the grounds of contest is filed with the auditor, he "shall issue a notice to the contestee to appear at the time and place, specified in the notice to the commissioners, which, with a copy of such statement,

shall be delivered to the sheriff of the county, who shall, within five days thereafter, serve the same on the contestee, by delivering to him a copy of such notice and statement, or leaving a copy thereof at his last usual place of residence." 1 R. S. 1876, p. 451.

On special appearance before the board of commissioners, as we have seen, the appellant, the contestee, filed two written motions:

1. To quash the summons, notice in said cause; and,

2. To set aside the process and service in said cause; assigning the same reason therefor in each motion, that the summons, or process, and service, were "irregular, defective and insufficient."

It appears from the record in this cause, that the "notice to the contestee," the appellant, issued by the auditor, was in form an ordinary summons, directed to the sheriff of Morgan county, and commanding him to summon Jonathan Hadley, the contestee, to appear in the commissioners' court of said county, at a certain time and place, being the same "time and place specified in the notice to the commissioners," to "answer the complaint of Lemuel Gutridge."

Upon said summons or notice, the sheriff of said county made the following return:

"Oct. 18th, 1876.

"Served the within summons on the within named def't, Jonathan Hadley, by reading, and delivered to said Hadley a certified copy of complaint, as filed in auditor's office.        (Signed,)        Thos. H. Dixon, Sh'ff."

Before proceeding to the consideration of the questions, which arise under this first alleged error, we will first direct attention to the provisions of the statute, under which this suit was instituted, in regard to the trial of such a suit by the board of commissioners. In the 19th section of the act before referred to, providing for contesting elections, it is provided, among other things, as follows: "Such board of commissioners shall try and determine

such contest, * * *. and shall be governed in such trial by the rules of law obtaining in circuit courts." 1 R. S. 1876, p. 451.

By these provisions, as we construe them, it was intended that the board of commissioners, in the examination and determination of all questions, either of law or of fact, arising in the progress of a contested election case, should be governed by the rules of law, applicable to such questions, obtaining in the circuit courts. By authority of these provisions, and under the rules of law obtaining in circuit courts, and not by virtue of any express authority other than these provisions, the appellant, the contestee, entered his special appearance in this cause, and moved the board of commissioners to quash the summons issued as "notice to the contestee," and to set aside the sheriff's return of service thereon. As these motions of the appellant were authorized only "by the rules of law obtaining in the circuit courts," and not by any express statutory provision, it seems very clear to us, that these motions were, as they ought to have been, correctly and properly decided under the same rules of law. In our opinion, the statute providing for contesting elections should be liberally construed by the courts, to the end that the will of the people, in the choice of public officers, may not be defeated by any merely formal or technical objections.

In each of the appellant's motions, on special appearance, before the board of commissioners, the cause for the motion, assigned therein, was, that the subject of the motion was "irregular, defective and insufficient." It is objected by the appellee, to each of these motions, that the cause assigned therein for the motion is too vague, uncertain and indefinite, in this, that it fails to point out the irregularity, defect and insufficiency which constitute the grounds of the motion. We think that this objection was well taken, as to each of said motions. In the case of *Campbell* v. *Swasey*, 12 Ind. 70, an objection had been

taken to the service of a summons, by a motion to set aside the sheriff's return, on the ground that it was "insufficient," without pointing out wherein; and it was held, that the objection was not well taken. In *Lucas* v. *Smith*, 54 Ind. 530, there had been a motion to strike out part of a pleading, without assigning any cause or reason therefor, and it was held, for this reason, that the motion was properly overruled.

After these motions on special appearance had been overruled by the board of commissioners, the appellant, as we have seen, appeared fully, and without qualification or limitation, in said cause. Afterward, on appeal, in the court below, the appellant entered a special and qualified appearance in this cause, not for the purpose of renewing his motions on such appearance, as the same were made before the board of commissioners, but, as before stated, for the purpose of making other and different motions to quash the notice of contest, and to set aside the sheriff's return of service thereon. We do not doubt the appellant's right, on appeal, to appear specially in the court below, and there renew his motions, as made on special appearance before the board of commissioners; but it seems very clear to us, that, after his full appearance in the cause in the commissioners' court, and on his appeal to the court below, it was then too late for him, and he ought not to have been permitted, to appear specially in the latter court, and by new and other motions, differing materially from the motions made for the same purpose before the board of commissioners, to call in question again the sufficiency either of the notice of contest, or of the sheriff's return of service thereon. The appellant's special appearance in the court below, not to renew his original motions, but to make other and different motions, to quash the notice and set aside the service thereof, was tantamount to a confession on his part that his original motions in the commissioners' court were not sufficient in law. If the appellant had

not, on special appearance, made any motions before the board of commissioners, either to quash the notice of contest or to set aside the service thereof, it would hardly be claimed, that, on appeal, he could have appeared specially in the court below, and have there, for the first time, made such motions successfully. And it seems to us, that, as his said motions on special appearance in the commissioners' court were too vague and uncertain to be available for the purpose contemplated, he was practically in the same position in the court below as he would have been, if he had not made any motions on special appearance before the board of commissioners.

Again, the proceedings in this cause, in the commissioners' court, and of course in the court below, were, or ought to have been, under the provisions of the act before referred to, " governed by the rules of law obtaining in circuit courts." One of the rules of law thus obtaining, which is applicable to the subject we are now considering, is to be found in the 37th section of the practice act, which reads as follows:

" Sec. 37. No summons, or the service thereof, shall be set aside, or be adjudged insufficient, where there is sufficient substance about either to inform the party on whom it may be served, that there is an action instituted against him in court." 2 R. S. 1876, p. 49.

We can conceive of no good reason why this " rule of law" should not be applied to such cases as the one now before us. The " notice to the contestee," provided for in the act relating to contested elections, is, in legal effect, a summons—why should it not be in form, also?

Appellant's counsel have not discussed, in argument, the legal sufficiency of the summons or notice issued in this case; and, therefore, we conclude that the appellant has waived all his objections, if he had any, either to the form or substance of said summons or notice.

The appellant's learned attorneys earnestly insist, however, that the service of said summons or notice, and the

sheriff's return of such service and of the service of a copy of appellee's statement of the grounds of contest, were legally insufficient to give the commissioners' court, or the court below, jurisdiction of the person of the contestee, the appellant in this court. We will briefly consider the appellant's objection, both to the service and return of service. We may premise, that, in section 292 of the practice act, it is provided, that " The proof of the service of any process issued by the court, or of any notice required to be served upon any party, shall be as follows : *First*. If served by the sheriff, his certificate thereof," etc. 2 R. S. 1876, p. 154.

As we have seen, it is provided in the 18th section of the act, providing for contesting elections, *supra*, that the sheriff of the county shall, within five days after receiving from the auditor the notice to the contestee, and a copy of the statement of the grounds of contest, serve the same on the contestee, by delivering to him a copy of such notice and statement, or by leaving a copy thereof at his last usual place of residence. It is very clear to our minds, that this 18th section, in so far as it prescribes either the time within which, or the mode in which, the service shall be made, is purely directory to the sheriff of the time and manner in which he shall discharge his duty in such cases. It never was intended by this section, as we construe it, that the right of any one to a public office, to which he was eligible and had been lawfully elected, should be made dependent in anywise upon the good faith, diligence or intelligence of the sheriff of the county, it might be, of a personal or political opponent. The statute points out to the sheriff the time and the manner in which service may be made ; but, in our opinion, it will not do to say, in the absence of a positive provision to that effect, that service after the time, or in some other recognized mode, would not be sufficient service.

The 35th section of the practice act, approved June

18th, 1852, some time after the approval of the act in relation to contested elections provides, as follows:

" SEC. 35. The summons shall be served, either personally on the defendant, or by leaving a copy thereof at his usual or last place of residence. An acknowledgment on the back of the process, or the voluntary appearance of a defendant, is equivalent to service." 2 R. S. 1876, p. 47.

This section contains some of the "rules of law obtaining in circuit courts," which we think are applicable to the subject we are now considering. In this case, the sheriff's return of the summons, or "notice to the contestee," showed, that it was served personally on the contestee, "by reading." If the appellant had signed "an acknowledgment on the back of the process," it would hardly be questioned that this would have been " equivalent to service " on the appellant, even if a " copy of the notice " had not been delivered to him. Nor would it be doubted, we think, that appellant's "voluntary appearance " would have been " equivalent to service," and would have given the commissioners' court complete jurisdiction of appellant's person, without the delivery to him of a copy of the " notice to the contestee." We know of no good reason why the service of the summons or notice in this case, by reading to the appellant, the contestee, should not be held to be a valid and sufficient service to give the commissioners' court complete jurisdiction of the appellant's person. There was certainly " sufficient substance," in the service of said summons or notice, to inform the appellant, the contestee, that there was a suit instituted against him in the commissioners' court. 2 R. S. 1876, p. 49, sec. 37. We are aware, that the conclusions we have reached, on the subject now under consideration, are in conflict with some of the points decided in the case of *The State, ex rel. Combs,* v. *Hudson,* 37 Ind. 198; and, therefore, to the extent of such conflict, the case cited is overruled.

One other point is made by the appellant's counsel, on

the alleged insufficiency of the sheriff's return, which is thus stated: "A sheriff may certify on a writ in his hands, that he served a copy thereof; but he has no power to certify, that he served a copy of a paper on file in the auditor's office." Why not? The law required the auditor to deliver to the sheriff a copy of the grounds of contest, on file in the auditor's office, and also required the sheriff to deliver such copy to the appellant, the contestee. The sheriff's certificate of the delivery of such copy was proof of the service thereof; and this was so, without regard to the place where such certificate was written, and whether written on a separate paper, or endorsed on another writ.

After this cause was appealed from the commissioners' court to the court below, the appellee, with leave of the latter court and over the appellant's objections, filed an additional and third reply to the appellant's answer. In this third reply, the appellee stated specifically and at length the mistake made by the board of canvassers, in regard to the number of votes received by appellee in Jackson township, at said election, in estimating and counting for appellee 222 votes only, as the whole number of votes received by him in said township, whereas he had, in fact, received 232 votes at said election in Jackson township. This alleged mistake was fully admitted by the appellant, in the fourth item of the agreed statement of facts, before set out, on which this cause was tried by the court below.

Appellant's motion to strike out this third reply, and his demurrer thereto for want of sufficient facts, were severally overruled; and to these decisions the appellant excepted, and has assigned the same as errors, in this court.

The objection urged by appellant's counsel to this third reply is, that it sets up the mistake, and not the malconduct, of the board of canvassers, as a ground of contest; and they say "mere charge of mistake will not do." It

seems to us, however, that it is malconduct in officers of elections to make mistakes in the discharge of their duties; not, of course, in any corrupt sense of the word, but it certainly is not good conduct on their part to make such mistakes. In such a case as this, the question for trial is, Has any eligible person, other than the contestee, received a higher number of legal votes for the office in question than the contestee? In the proper determination of this question, of course all matters of mistake are material, and must be taken into account. In our opinion, therefore, the appellant's objections to the third reply were not well taken. *Dobyns* v. *Weadon,* 50 Ind. 298.

If, however, the court below had erred in its decisions in regard to appellee's third reply, the errors would have been harmless, for the reason that the facts in regard to the alleged mistake, set up in said reply, would have been clearly admissible in evidence under the first ground of contest, set out in appellee's statement or complaint. This first ground of contest was thus stated: "That he, the said contestor, received at said election, for said office, a greater number of legal votes than were at said election received by said contestee for said office; and that the said contestor was then and there, and is still, eligible to hold and fill said office." Of course, under this ground of contest, any evidence tending to show the actual number of legal votes received by either of said parties for said office, at said election, would have been admissible, even though it involved the mistake or malconduct of some of the officers of said election.

In our opinion, there is no available error in the record of this case, of which the appellant can complain.

The judgment is affirmed, at the appellant's costs.