The Louisville, New Albany and Chicago R. W. Co. *v.* Thompson.

---

The Louisville, New Albany and Chicago R. W. Co.
*v.* Thompson.

RAILROAD.—*Action to Compel Agent to Pay Money on Judgment for Stock Killed.—Process.—Notice.— Waiver.—Practice.*—In a proceeding against a railroad company, under section 5 of the act of March 4th, 1863, 1 R. S. 1876, p. 751, in relation to killing stock, to procure an order upon an agent of the defendant to pay certain moneys, in and coming into his hands, upon a judgment theretofore rendered in favor of the plaintiff, against the de-fendant, for stock killed, service was had upon the " company by a copy " of the notice "left with a conductor of a train on said road," and the defendant, appearing specially, moved " to set aside the notice " upon the ·defendant, for the reason that said notice is insufficient.

*Held*, that such motion was too vague, indefinite and uncertain.

*Held*, also, that service of summons in such action should be in accordance with the requirements of section 3 of such act.

SAME.—*Appearance.*—*Waiver.*—Where, in such case, appearance in full is entered to the action by the defendant, on behalf of such agent, notice to the latter is waived.

SAME.—*Defective Process in Original Action.*—A motion in such case to set aside the notice to the defendant because of an alleged defect in the summons and the service thereof in the action in which such judgment was rendered, but which fails to show that the defendant had not appeared to that action, is insufficient.

From the Owen Circuit Court.

*T. J. Jackson*, for appellant.

*W. A. Montgomery*, *J. C. Robinson* and *J. H. Fowler*, for appellee.

HOWK, J.—On the 30th day of November, 1875, a written notice to the appellant in this case was issued by the clerk of the Owen Circuit Court, under his hand and the seal of said court, in substance as follows:

The appellant is hereby notified, that, as the appellee, Keller Thompson, on the 9th day of October, 1875, obtained a judgment in said circuit court, against the appellant, for the killing of five head of cattle, he, the appellee, will make a motion, on the first day of the December term of said court, asking for an order against one William F. Leming, one of the appellant's agents, to compel him, as such agent, to pay into court money, from time to time, until said judgment and costs are paid.

The notice thus issued was returned by the sheriff of Owen county as follows, to wit: "Served on the within named company, by a copy left with a conductor of a train on said road, December 3d, 1875."

At the December term, 1875, of the court below, the appellant appeared specially and moved the court in writing as follows:

"Comes now the defendant and moves the court to set aside the notice upon said defendant to answer by her

agent and to pay into court money, from time to time, upon a judgment claimed to have been recovered by said Keller Thompson, for the reason that said notice is insufficient, and that said defendant had no notice of said suit of said Keller Thompson in said court, at the October term thereof, and that there was no summons directed to said defendant from said Owen Circuit Court, and that the return of said sheriff of Owen county thereto is an insufficient return; and said defendant makes, as part of this motion, a copy of said summons and return."

The summons, made a part of said motion, was directed to the sheriff of Owen county, and commanded him to summon " Louisville, New Albany Railway Company " to appear, etc. The sheriff's return on said summons was as follows :

" September 22d, 1875. Served this day by commencing to read the same to Thomas Hanlon, a conductor of a train on defendant's road, informing the said Hanlon that the same was a summons, and also by tendering a copy thereof to said Hanlon ; the said Hanlon refusing to hear this summons read, and also refusing to accept or receive the copy hereof so tendered him."

The appellant's motion on special appearance was overruled by the court, and to this ruling the appellant excepted, and filed its bill of exceptions. Whereupon the appellant appeared fully and waived the issue and service of a writ on its agent, William F. Leming, who appeared and answered under oath as to the amount of money in his hands, and also as to the probable amount of money coming monthly into his hands, belonging to the appellant.

Upon this answer the court ordered, adjudged and decreed, that the said William F. Leming, the appellant's agent, should pay into court, of the money in his hands belonging to the appellant, at the end of thirty days, the sum of fifty dollars, and at the end of sixty days the balance

of the judgment theretofore rendered against the appellant in said cause, together with the costs of this proceeding. To which order of the court below the appellant excepted, and has appealed therefrom to this .court.

The appellant has assigned in this court the following alleged errors of the court below :

1.  In not sustaining the motion to set aside the notice upon the appellant to answer;

2.  In granting an order against the appellant, upon the appellee's application, for the reason that the notice did not show a service upon the appellant's agent, to whom the notice was directed ;

3.  In sustaining the appellee's application, when the summons in the appellee's suit was not against the same defendant upon whom notice was served in this proceeding ;

4.  In not setting aside the notice in this proceeding, when the sheriff's return thereon showed that the notice was not served upon the appellant's agent, William F. Leming.

It will be readily seen, from our statement of this case, that it was a proceeding by the appellee, against the defendant, under the provisions of the 5th section of "An act to provide compensation to the owners of animals killed or injured by the cars, locomotives or other carriages of any railroad company in this State, and to enforce the collection of judgments rendered on account of the same, and to repeal all laws inconsistent therewith," approved March 4th, 1863. 1 R. S. 1876, p. 753. In this 5th section it was provided, in substance, that where a judgment had been rendered in a circuit court, in an action there commenced against a railroad company for the value of the animal or animals killed, or for the injury done to them or it, the circuit court should, on motion of the plaintiff or plaintiffs, on the rendition of such judgment, or afterward at any time,

when notice of such motion had been served on the railroad company at least ten days before the first day of the term at which such motion was to be heard, order a writ to issue, directed to the sheriff of the proper county, for any agent, conductor or employee of such railroad company, or of its lessees, receivers or assignees, named in such motion, to appear forthwith or at a time directed by court, and answer upon oath as to the amount of money in their hands, if any, and also as to the probable amount of money received by them belonging to such railroad company, or to its lessees, assignees or receivers ; and if such agent, conductor or employee should answer that he had any such money, or that he was in constant receipt of money as such agent, conductor or employee, the court should order him to pay into the clerk's office of such court, at such times as might be named by the court, such portions of the money so held or received, not exceeding one-half the amount thereof, as may be deemed just by the court, until the judgment and costs are fully paid and satisfied.

The first error assigned by the appellant is, that the circuit court erred in not sustaining its motion to set aside the notice upon the appellant to answer. The first objection to the notice, stated in appellant's motion, is, " that said notice is insufficient." But this objection was too vague, uncertain and indefinite, in this, that it failed to show in what particular the said notice was "insufficient." This was necessary for the purpose of informing both the circuit court and this court of the nature and extent of the objection. *Campbell* v. *Swasey*, 12 Ind. 70; *Lucas* v. *Smith*, 54 Ind. 530; and *Hadley* v. *Gutridge*, 58 Ind. 302.

The second objection to said notice, stated in said motion, is not properly an objection to the notice in this case, but it is an attempted and intended objection to the summons and the service thereof in the original action.

The grounds of this objection are, that the appellant had no notice of the appellee's suit at the preceding October term of said court, that there was no summons directed to the appellant from said court, and that the sheriff's return to said summons was an insufficient return.

It seems to us that these grounds of objection to the notice, in this case, are also too vague, uncertain and indefinite to constitute a valid objection to said notice. It is evident, we think, that it was the intent and purpose of the appellant, in and by these grounds of objection, to attack the validity of the judgment recovered by the appellee, against the appellant, in the original action. It is unnecessary for us to determine in this case whether or not the validity of the original judgment might be attacked and impeached in the supplemental proceedings for the collection of the judgment, authorized by said section 5, above cited, of the statute under which said judgment was rendered. It is enough for us to say, in this case, that the appellant has wholly failed to show, by any of its objections, that the original judgment recovered by the appellee was necessarily invalid. For, even if the summons was defective, and the service thereof invalid and void, it would not follow of necessity therefrom, that the judgment in the case was absolutely null and void. The appellant failed to show in any manner that it did not appear fully in the original action; and such an appearance would obviate a defective summons, or the defective service thereof.

It seems very clear to us, that the objections urged by the appellant to the notice in this case were not well taken, and that the court did not err in overruling the motion to set aside said notice.

It is claimed by appellant's counsel, that the notice of the appellant's motion in this case ought to have been served on William F. Leming, the particular agent of the appel-

lant, who the appellee moved might be required to answer as to his receipts of moneys belonging to the appellant.

There is nothing in this objection. It will be seen from said section 5 of the statute, that the notice is to be served upon the railroad company; and it may be served, we think, in the manner authorized by statute for the service of a summons on a railroad company. 1 R. S. 1876, p. 752, sec. 3.

After appellee's motion was sustained, it would have been necessary that a writ should issue for said William F. Leming and be served on him personally, if the issue of such writ had not been expressly waived, and the said Leming had not voluntarily appeared and answered without such writ or the service thereof.

We find no available error in the record of this cause.

The judgment is affirmed, at the appellant's costs.