Filed April 3, 1886.

---

No. 12,619.

### NORTON v. THE STATE.

CRIMINAL LAW.—*Failure to Discuss Error.—Waiver.—Supreme Court.*—A
failure to discuss, in the Supreme Court, an alleged error of the trial
court in overruling a motion in arrest of judgment, is a waiver of such
error.

SAME.—*Jury.—Rendering Verdict.—Omission to Call Names.* — While the
names of the jury, when they appear in open court to render their
verdict, should always be called, as provided in section 1829, R. S. 1881,
yet the omission to call their names is not a fatal error, unless it ap-
pears that they were in fact not all present.

SAME.—*Continuance.—Affidavit.—Bill of Exceptions.*—Where an affidavit for
a continuance is not set out in the bill of exceptions, or made a part
thereof by the words "here insert," as provided in section 626, R. S.
1881, or by an order of court, a ruling on such affidavit will not be re-
viewed on appeal.

SAME.—*Motion to Quash Venire.—Challenging Array.*—Where a defendant
moves to quash the *venire* issued for a jury, and also challenges the ar-
ray, but the record does not show, in either instance, the causes for the
motion and challenge, or that the defendant's rights were prejudiced by
the rulings thereon, such rulings are not available on appeal.

SAME.—*Argument of Counsel.—Misconduct.*—Where counsel for the State, in
his closing argument to the jury, attempts to account for the absence of
a witness for the State, but desists upon objection by the defendant and
at the direction of the court, there is no such misconduct as will justify
a reversal.

SAME.—*Incest.—Force.—Step-Father and Step-Daughter.*—Under section 1990,
R. S. 1881, a step-father, who has sexual intercourse, whether by force or
otherwise, with his step-daughter, knowing her to be such, is guilty of
incest.

From the Vigo Circuit Court.

*C. F. McNutt, J. G. McNutt, G. W. Faris, S. R. Hamill* and *W. H. Spencer*, for appellant.

*F. T. Hord*, Attorney General, *D. W. Henry*, Prosecuting Attorney, and *H. C. Nevitt*, for the State.

Howk, J.—In this case the appellant Norton was indicted, tried by a jury and found guilty of the crime of incest, as charged in the indictment, with one Elizabeth Flagg his stepdaughter, and his punishment assessed by the jury at imprisonment in the State's prison for the term of four years. Over appellant's motions for a new trial and in arrest, the court rendered judgment against him on the verdict.

Appellant has here assigned errors upon the overruling (1) of his motion for a new trial, (2) of his motion for a *venire de novo*, and (3) of his motion in arrest of judgment. We will consider and pass upon these alleged errors, in the inverse order of their statement.

Under section 1843, R. S. 1881, a motion in arrest of judgment in a criminal case can only be sustained for one or the other of the following causes: 1. When it appears that the offence charged in the indictment or information is not within the jurisdiction of the court; or 2. When the facts stated in the indictment or information do not constitute a public offence. It is not shown by appellant that either one of these statutory causes, for arresting the judgment, exists in this case. Besides, the error of the court in overruling the motion in arrest is not discussed by appellant's counsel, in their brief of this cause, and this may be regarded, we think, under the decisions of this court, as a waiver of such error even in a criminal cause. *Bybee* v. *State*, 94 Ind. 443 (48 Am. R. 175); *Fairbanks* v. *Meyers*, 98 Ind. 92.

Under the alleged error of the court, in overruling appellant's motion for a *venire de novo*, the only point made by his counsel is based upon their construction of the provisions of section 1829, R. S. 1881, and the alleged non-compliance of the trial court therewith. This section provides as follows:

" When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge. Their names must then be called, and, if all appear, their verdict must be rendered in open court. If all do not appear, the rest must be discharged without giving a verdict, and the cause must be tried again at the same or the next term. The defendant shall have the right, in all criminal cases, to have the jury polled."

It is not claimed by appellant that the jury had not all appeared when their verdict herein was rendered in open court; but it is claimed that their names were not called prior to such rendition of their verdict. Although the statutory provision, requiring that the names of the jury must be called, is mandatory in form, and although we think that such provisions ought always to be strictly complied with, yet we can hardly regard the omission to call the names of the jury, as a material or fatal error, unless it further appears that the jury did not, in fact, all appear at the time their verdict was rendered in open court. To such an error, conceding it to be such, as the one here complained of, section 1891, R. S. 1881, seems to us peculiarly applicable, so far as our consideration of the error is concerned. In that section, it is thus provided: " In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant." In the case at bar, if the jury all appeared at the time their verdict was returned into open court, as we must assume they did, in the absence of any showing to the contrary, then we are of opinion that the omission of the court to have the names of the jury called, even if erroneous, did not prejudice the substantial rights of the appellant. *Clayton* v. *State*, 100 Ind. 201.

Under the alleged error of the court, in overruling appellant's motion for a new trial, many questions are presented

and discussed by his counsel, and of these we will consider and decide such as seem to us to have been fairly saved in the record, in the same order his counsel have pursued in their argument. Appellant's counsel first insist that the trial court erred in overruling his application for a continuance of the cause, made on the 27th day of June, 1885. The application was founded upon the affidavit of appellant, and the cause assigned for such continuance was to enable him to procure the attendance and testimony, at the trial of this case, of certain named witnesses. Whether the court did or did not err in overruling this application for a continuance, the question is not so saved in or presented by the record before us, as that it can be considered and decided here. This is so, because appellant's affidavit, upon which rested his application for such continuance, was not made a part of the record of this cause, in any manner known to our law. The only time this affidavit appears in the transcript is when the order-book entry of the proceedings of the court in the case, of the day on which it was made and filed, is copied into the transcript, of which entry such affidavit seems to have been a considerable part. The affidavit was not set out in the bill of exceptions ; it was not made a part of such bill by the use of the words "here insert," as provided in section 626, R. S. 1881, or by an order of court, and it was improperly copied into the order-book entry, and did not thereby become a part of the record.

In the bill of exceptions is a memorandum of the clerk below, to the effect that appellant's affidavit could be seen at the page and line of the transcript, where such order-book entry appears therein. But such memorandum did not make the affidavit a part of such bill of exceptions, for two reasons, namely: 1. Because the bill did not contain the words "here insert," which were necessary to authorize the insertion therein of the affidavit; and, 2. Because the affidavit was not a proper part of the order-book entry, and was improperly copied into the transcript as a part of such entry,

and therefore a reference to such copy could not and did not make the affidavit a part of such bill. These points of practice are settled by many of our decisions. *Sidener* v. *Davis*, 69 Ind. 336; *Colee* v. *State*, 75 Ind. 511; *Barnes* v. *Jones*, 91 Ind. 161; *Crumley* v. *Hickman*, 92 Ind. 388.

The next matters, of which complaint is here made by appellant's counsel, relate to the selection of the jury for the trial of the cause, and may properly be considered together. The indictment against the appellant in this case seems to have been returned and filed on May 21st, 1885, and the cause seems to have been set down for trial on June 27th, 1885, which was the forty-eighth day of the May term, 1885, of the court below. Prior to the day last named, the petit jury of such May term having served as such for four weeks during the term, the trial court, in its discretion, had discharged the jury for the term, as it was expressly authorized to do by the last provision of section 1387, R. S. 1881. When appellant's case was called, he demanded a trial by the regular panel of the petit jury, previously discharged as aforesaid; and thereupon it was ordered by the court that its clerk should proceed forthwith to draw, and issue a summons for, a jury to appear in such court on June 29th, 1885. This order was expressly authorized by section 1387, *supra*. The record then recites that the clerk of such court and Milton S. Durham, one of the jury commissioners of Vigo county, withdrew from the box, set apart for that purpose, certain named parties to act as jurors to try this cause, all of whom were householders or freeholders, and qualified voters, of Vigo county.

Afterwards appellant moved the court to quash the summons or *venire*, issued for the jury last drawn for the trial of this case, and challenged the array, which motion and challenge were overruled by the court, and this ruling is complained of here as erroneous. The bill of exceptions fails to disclose the grounds or causes upon or for which appellant moved the court to quash the venire, or challenge the array.

For this defect in the motion or challenge, it might well be held, we think, that there was no available error in overruling either of them.

In *Lucas* v. *Smith*, 54 Ind. 530, it appeared that the appellant had moved the court, without assigning any reason therefor, to strike out part of a pleading, which motion had been overruled, and upon appeal the ruling was assigned here as error. In considering this error the court there said : " In such a case, in our opinion, it was not the duty of the court below, nor is it any part of our duty, to search for or to conjecture the cause or reason for appellant's motion to strike out. If the appellant had no cause or reason for making his motion, or if, having such cause or reason, he could not and did not state the same in a clear and intelligible manner, in either case the court below correctly overruled his motion; and if the record should disclose, as it does in this cause, such a case as the one stated, the decision of the court below in overruling such motion will not be reviewed by this court." See, also, *Campbell* v. *Swasey*, 12 Ind. 70 ; *Hadley* v. *Gutridge*, 58 Ind. 302 ; *Louisville, etc., R. W. Co.* v. *Thompson,* 62 Ind. 87.

It is true that appellant's counsel have assigned reasons for such motion and challenge in their brief of this cause ; but we have no means of knowing, and do not know, that the reasons thus assigned were those which they relied upon in the trial court. Besides, the record wholly fails to show that the substantial rights of appellant were prejudiced, in any manner or to any extent, by the rulings under consideration, and, therefore, even if they were conceded to be erroneous, it would be our duty under the provisions of section 1891, above quoted, to disregard such errors.

After the jury had been summoned, appellant again moved the court for a continuance of the cause, and, this motion having been denied, he then moved the court to postpone the trial until he could take the depositions of certain witnesses,

and this motion was also overruled. These rulings were assigned as causes for a new trial in the motion therefor, and they are urged here as errors of law, which entitled appellant to such new trial. Each of these two motions was founded upon appellant's affidavit, and neither of these affidavits was made a part of the record of this cause in any manner known to our law. What we have heretofore said in this opinion, in considering the alleged error of the court in refusing appellant's first application for a continuance, is equally applicable to the errors now under consideration. The errors are not so saved in and presented by the record of this cause as that under our practice we can consider them.

Appellant's counsel complain of misconduct of counsel for the State in his closing argument. The State's counsel was apparently accounting to the jury for the absence of a witness for the State; when, appellant objecting, the court at once directed the counsel to confine his argument to the evidence in the case, and thereafter, so far as the record shows, the counsel did confine himself to the evidence. Certainly, this shows no such misconduct, on the part of counsel for the State, as would authorize or justify the reversal of the judgment. *Combs* v. *State,* 75 Ind. 215 ; *Epps* v. *State,* 102 Ind. 539.

Finally, it is claimed on behalf of appellant, that the trial court erred in refusing to give the jury, at his request, the following instruction :

" If the jury believe from the evidence the sexual intercourse, alleged in the indictment, to have taken place between the defendant and Lizzie Flagg, but that said intercourse was so had by force on the part of the defendant Norton, then the jury should acquit said defendant of the charge of incest, the offence being, if any was committed, the crime of rape."

The court committed no error, we think, in refusing to give the jury the instruction quoted. Under our statute, section 1990, R. S. 1881, " if any step-father shall have sexual in-

tercourse with his step-daughter, knowing her to be such,"
·he is guilty of incest.   This is so, as it seems to us, whether
such intercourse is had by force or without force.

The judgment is affirmed, with costs.

Filed April 3, 1886.