**STATE of Indiana, Appellant (Plaintiff Below),**

v.

**Joseph Larry ANDERSON, Appellee (Defendant Below).**

No. 3–785 A 167.

Court of Appeals of Indiana, Third District.

Nov. 7, 1985.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant (plaintiff below).

E. Kent Moore, Cooke, Bache, Moore, Laszynski & Yeager, Lafayette, for appellee (defendant below).

HOFFMAN, Judge.

The State of Indiana by its Attorney General (State) appeals the dismissal of a six-count information charging Joseph Larry Anderson (Anderson) with incest. The State premises its appeal on IND.CODE § 35–38–4–2(1).

The facts relevant to this appeal disclose that on January 31, 1985, Anderson was charged with incest after allegedly having had sexual intercourse with his niece. Anderson moved to dismiss the charges because the alleged victim was Anderson's niece by marriage rather than by blood. The trial court dismissed the charges finding that the incest statute[1] prohibits such conduct between uncles and nieces related by consanguinity, but not by affinity.

The State appeals the dismissal of the charges and argues that the incest statute does not require a relationship by consanguinity. The incest statute, IND.CODE § 35–46–1–3, states in pertinent part:

"(a) A person eighteen (18) years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when he knows that the other person is his parent, stepparent, child, stepchild, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a Class D felony."

Although the statute does not contain a requirement for consanguinity in the case of incest between an uncle and a niece, this precise question was addressed by our Supreme Court in *State v. Tucker* (1910), 174 Ind. 715, 93 N.E. 3. Noting that criminal statutes should be strictly construed, the Court in *Tucker* determined that the incest statute in effect at the time[2] proscribed sexual relations between uncles and nieces related by consanguinity. 174 Ind. at 720, 93 N.E. at 4. There exists no significant difference between the present statute and the statute construed by the Court in *Tucker*. Thus, the trial court's judgment dismissing the charges is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, P.J., concurs in result.

---

1.  IND.CODE § 35–46–1–3 (1977).

2.  IND.CODE ANN. § 10–4206 (Burns 1956 Repl.).