STATE of Indiana, Appellant
(Plaintiff Below),

v.

Donald BUCKLES, Appellee
(Defendant Below).

No. 79A04–8609–CR–285.

Court of Appeals of Indiana,
Fourth District.

May 28, 1987.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

Pearlman & Chosnek, Lafayette, for appellee.

MILLER, Judge.

The State of Indiana brings this interlocutory appeal upon the trial court's dismissal of a charge of incest against criminal defendant Donald Buckles. The court ruled the information insufficient to charge the crime of incest for the alleged sexual intercourse between Buckles and his adult stepdaughter. In so deciding, the court held Indiana's incest statute does not criminalize sexual intercourse between persons related only by affinity. This ruling was incorrect, and we reverse.

## DISCUSSION

The information at issue here charged Buckles with having committed incest with his then twenty-one-year-old stepdaughter, R.D. Buckles moved to dismiss the charge, asserting R.D. is his wife's daughter by a previous marriage and thereby not his relation by blood. The trial court granted the motion, stating "[t]he Indiana statute requires consanguinity and not affinity." Record, p. 148. The State appeals.

Indiana's incest statute prohibits the following conduct:

"A person eighteen (18) years of age or older who engages in sexual intercourse or deviate sexual conduct with another person, when he knows that the other person is his. parent, stepparent, child, *stepchild*, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew, commits incest, a Class D felony."

IND.CODE 35–46–1–3 (Emphasis added). The chief question raised on this appeal is whether this statute on incest only proscribes sexual intercourse between a stepparent and a stepchild who are related to each other by blood, or whether the statute is intended to also include such when the stepparent and stepchild are related by affinity. Our current incest statute unambiguously proscribes sexual intercourse with *any* stepchild.

When construing a statute, "[w]ords and phrases shall be taken in their plain, or ordinary and usual, sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their tech-

nical import." IND.CODE 1-1-4-1(1); *Woods v. Brown County Plan Commission* (1983), Ind.App., 446 N.E.2d 973. In common, as well as technical legal, parlance a stepchild is "[t]he child of one of the spouses by a former marriage." *Black's Law Dictionary*, 1584 (1968) (definition of "step-child"); *see also Thornburg v. American Strawboard Co.* (1895), 141 Ind. 443, 40 N.E. 445, 40 N.E. at 1062 (stepfather: "the husband of one's mother by a subsequent marriage". *Id.* at 1063.) It is clear that the plain, ordinary meaning of "stepchild" contemplates a relationship of affinity between the child and the child's parent's spouse, rather than of blood.[1] Thus, the statute clearly and unambiguously condemns Buckles's alleged sexual relations with R.D., his stepchild. *See Norton v. State* (1886), 106 Ind. 163, 6 N.E. 126 ("Under our statute, ... 'if any stepfather shall have sexual intercourse with his stepdaughter, knowing her to be such,' he is guilty of incest.") *Id.* at 169–70, 6 N.E. at 130.

The trial court relied on two cases for the proposition that I.C. 35-46-1-3 defines only consanguineous relationships: *State v. Tucker* (1910), 174 Ind. 715, 93 N.E. 3, and *State v. Anderson* (1985), Ind.App., 484 N.E.2d 640. These cases are clearly distinguishable from the facts here. In each, the defendant had been charged with incest for having engaged in sexual relations with his niece by marriage. The *Tucker* case involved the then-extant version of Indiana's incest statute which listed specific pairs of family relationships between whom sexual intercourse was forbidden. Among the pairs listed was the following:

"if any uncle or aunt shall have sexual intercourse with his or her niece, or nephew, having knowledge of his or her relationship, or if any nephew or niece shall have sexual intercourse with his or her aunt or uncle, such nephew or niece being over the age of sixteen years and

having knowledge of his or her relationship, he or she shall be guilty of incest...."

Section 2352, Burns' Ann.St.1908; *State v. Tucker, supra,* 174 Ind. 715, 93 N.E. 3. In construing this statute to determine whether or not it covered an uncle-niece affinal relationship, the supreme court relied upon the primary meaning of niece as "to include relationship by consanguinity." *Id.* at 720, 93 N.E. at 4. Finding no prohibition elsewhere in our statutes against a marriage between an uncle and a niece related only by marriage, the court concluded that the incest statute's use of "uncle" and "niece" referred only to a consanguineous relationship and ruled the trial court had properly discharged the defendant. This court came to the same conclusion in the *Anderson* case, interpreting our current statute in light of *Tucker.* We see no connection between these two cases and Buckles's appeal here.

The *Tucker* case relied upon the same basic rule of statutory construction on the then-current incest statute we have used here—the primary meaning of the words used by the legislature will prevail. In *Tucker,* there was an arguable ambiguity in the words "uncle" and "niece" as those words are often used interchangeably to denote a relationship held by affinity as well as consanguinity. By relying on the primary definition of "niece," the *Tucker* court determined that the statute referred to a relationship by consanguinity and that the marriage statutes did not refute that conclusion. On the other hand, under the facts here, "stepchild" in I.C. 35-46-1-3, is an unambiguous term, having only one commonly understood primary meaning, and we can glean no other language in the statute otherwise rendering the word ambiguous. "It is, of course, within the power of the Legislature ... to punish carnal intercourse as incestuous, between persons related only by affinity." *State v. Tucker,*

---

1. We suppose one could argue that, under the ordinary definition, a "stepchild" could be a child of a "former marriage" between its natural parents. But is that an ordinary relationship conjured up by the word "stepchild"? Besides under the laws of Indiana, a child born of a

marriage is generally considered to be the child of the married couple, paternity being presumed in the marital state. IND.CODE 31-6-6.1-9; *Hampton v. Douglass* (1983), Ind.App., 457 N.E.2d 618.

*supra*, 174 Ind. at 720, 93 N.E. at 4. The purpose of an incest statute is to protect the family unit, the basic structure for relationships in civilized societies. To permit incest between family members would "confuse parental and filial duties and affections, and corrupt the moral sentiments of mankind." *Id.* at 717, 93 N.E. at 3. The trial court's construction of I.C. 35–46–1–3 here undermines the purpose of the statute, defeats its plain meaning, and is, therefore, incorrect.

■ In the alternative, Buckles argues that even if there is no requirement of a blood relationship between a stepfather and his stepdaughter, the fact that both he and R.D. are over the age of eighteen makes the alleged incest a joint crime and both should be charged. He cites *Baumer v. State* (1875), 49 Ind. 544, which involved a stepmother and her stepson who were charged with incest and when one was acquitted, the other necessarily had to be discharged. This case is inapplicable to the facts at hand.

In *Baumer*, the relevant incest statute read in part as follows:

> "if any step-mother and her step-son shall have sexual intercourse together, having knowledge of their relationship ... every person so offending shall be deemed guilty of incest...."

2 G. & H. 452, § 45; *Baumer v. State*, *supra*, 49 Ind. at 546–47. In *Baumer*, the stepson was charged as follows: "The grand jurors ... charge and present that Arthur Baumer ... did then and there unlawfully have sexual intercourse with his step-mother, Augusta Baumer, then and there knowing the said Augusta Baumer to be his step-mother...." *Id.* at 545. The supreme court noted the charge was defective for lack of allegation that both parties had knowledge of their relationship—only

the stepson was charged with such knowledge. Therefore, the trial court erred when it sustained a demurrer to the stepson's answer, alleging his stepmother's acquittal. Our supreme court emphasized that the crime as defined by the statute required that either both parties be guilty or both be innocent. The language construed in *Baumer* is no longer present in Indiana's incest statute, and we can find no other language in I.C. 35–46–1–3 contemplating *Baumer*'s result. We can envision occasions when both parties, being over eighteen years old, would be charged with the crime of incest for the same sexual act, but we find no requirement in the statute that both parties *must* be charged such as was present in *Baumer*. We therefore find Buckles's argument unpersuasive.[2]

Reversed.

CONOVER, P.J. and YOUNG, J., concur.

---

**2.** We find Buckles's argument also unpersuasive in light of the evidence submitted in the record that R.D. and her younger sister had been victims of Buckles's advances for almost twelve years. Assuming the charges here are true, it is conceivable that a long pattern of sexual abuse, marked by threats and no apparent intervention by any other adult in the household, could create a certain fatalistic acquiescence to Buckles's abuse even during adulthood. It is difficult to imagine a prosecutor wanting to press charges against R.D. under these circumstances, particularly where Buckles, evidently continuing the family pattern, was concurrently charged with molesting R.D.'s minor nieces. *See generally* Annot., 74 A.L.R.2d 705, § 7 (1960) (collection of cases debating question whether an incest prosecutrix is a victim or an accomplice, particularly where fear and undue influence prevent her actions from being "voluntary").