THE STATE, Respondent, *vs.* BYRON, Appellant.

1. An indictment of a married man for lewdly and lasciviously abiding and cohabiting with a female, under the second clause of section 8 of article 8 of the act concerning " Crimes and Punishments," (R. C. 1845,) must state that the parties lewdly and lasciviously abided and cohabited *with each other*, in the words of the statute.

State *v.* Byron.

*Appeal from St. Louis Criminal Court.*

Indictment for adultery. The second count of the indictment was precisely as follows : "And the grand jurors aforesaid, upon their oath aforesaid, do further present, that Richard J. Byron, late of St. Louis county, on the first day of January, in the year of our Lord 1853, and on divers other days and times, between that day and the day of the finding of this indictment, unlawfully and wickedly did lewdly and lasciviously abide and cohabit with one Eliza Miller, he, the said Richard J. Byron, being then and on said other days and times there a married man, and having then and on said other days and times a wife living, but the said Richard J. Byron and Eliza Miller were never married to each other ; against the peace and dignity of the state."

*Uriel Wright, Delafield & Kribben*, for appellant.

*H. A. Clover*, for the State.

Scott, Judge, delivered the opinion of the court.

Byron, who was a married man, was indicted for living in a state of open and notorious adultery with an unmarried woman, and for lewdly and lasciviously abiding and cohabiting with the same woman, (naming her.) There were two counts in the indictment, charging these separate offences. The jury found the defendant guilty under each count, and on the first assessed the punishment at three months' imprisonment in the county jail, and on the second, at a fine of $300. As only one offence was proved on the trial, the court granted a new trial on the first count, and thereupon the circuit attorney entered a *nolle prosequi* as to that count, and judgment was entered on the second count. A motion was made in arrest of judgment, which was overruled, and the defendant appealed.

The court would have found itself embarrassed in granting a new trial as to one count in an indictment and entering a judgment on the other, had not the difficulty been obviated by entering a *nolle prosequi* as to the count on which the new trial had been granted.

1. The clause of the statute under which the second count is framed is in these words : "Every man and woman (one or both of whom are married and not to each other,) who shall lewdly and lasciviously abide and cohabit with each other," &c. Now the second count in the indictment, in effect, charges that R. J. Byron, being a married man, but not married to Eliza Miller, did lewdly and lasciviously abide and cohabit with the said Eliza Miller. It is plain that this count does not pursue the words of the statute. The charge should have been, that R. J. Byron and Eliza Miller did lewdly and lasciviously abide and cohabit with each other, he, the said R. J. Byron, being a married man, but not married to the said Eliza Miller.

Judge Ryland concurring, the judgment is reversed, and the defendant discharged ; Judge Gamble not sitting.