## SMITHERMAN vs. THE STATE.

[INDICTMENT FOR LIVING IN ADULTERY.]

1. *Adultery and fornication distinct offences.*—Under the statute of this State (Code, § 3231; Clay's Digest, p. 431, § 3) adultery and fornication are distinct offences; and therefore, under an indictment for adultery, containing but a single count, no conviction can be had, if the evidence shows that both the parties were unmarried.

FROM the Circuit Court of Bibb.

Tried before the Hon. ROBERT DOUGHERTY.

THE appellant, Noah Smitherman, and one Tempe Manerd, a free mulatto woman, were indicted at the Fall term, 1850, of the Circuit Court of Bibb, for living together in adultery; the indictment containing but a single count. The appellant being on trial alone, the State introduced evidence showing the fact of the illicit connection existing between him and the said Tempe within the time covered by the indictment, and it was further proved that both of them were unmarried at the time. "The court thereupon charged the jury, among

other things, that although the defendant and said Tempe were both single and unmarried persons, they could be found guilty of living together in fornication under the indictment"; to which charge the defendant excepted, and he now assigns it for error.

I. W. GARROTT, for the appellant, contended, that adultery and fornication are essentially distinct offences in their natures, and are so recognized by the statute ; and that under an indictment for adultery the defendant cannot be convicted of fornication. He cited Clay's Digest, p. 431, § 3 ; The State v. Hinton, 6 Ala. 864; Hull v. Hull, 2 Strob. Eq. 174 ; 4 Black. Com. 64 ; The State v. Lash, 1 Harr. (N. J.) 380 ; Commonwealth v. Lafferty, 6 Gratt. 672.

M. A. BALDWIN, Attorney General, *contra*, cited Hinton and Watson v. The State, 6 Ala. 864.

CHILTON, C. J.—The statute has disjoined the offences of adultery and fornication, by declaring that, "if any man and woman live together in adultery, *or* fornication," &c. (Code, § 3231); and while it is true they both involve an illicit cohabitation between the sexes, yet we are of opinion, that upon an indictment for adultery, a party cannot be convicted of fornication. To constitute the crime of adultery, one of the parties, at least, must be married, as it imports a violation of the marriage bed. We must, therefore, consider this indictment as though the fact of marriage had been averred. In such case, the marriage must be established by strict proof, as in case of bigamy, and on failure to make such proof, the party would, of course, be entitled to an acquittal. Suppose such an acquittal ; would this be a bar to a subsequent indictment for fornication? We are clearly of opinion that it would not, and so it was decided in The State v. Cowell & Williams, 4 Ired. L. 231.

We concede that they may be united in the same indictment by different counts, being offences of kindred character, and punishable alike ; but, in the absence of a count for fornication, the party cannot be convicted of that offence upon an indictment for adultery. In such case, there is a fatal variance between the offence charged and that proved. It

will not do to say, they both import illicit sexual commerce, and therefore under an indictment for the one the party may be found guilty and punished for the other. The larceny of a white and of a black horse equally imports the felonious taking and carrying away of the personal goods of another; but it would hardly be contended by any one, that upon an indictment for stealing the one, the prisoner could be convicted for stealing the other. In Plunket v. The State, 2 Stew. R. 11, it was held, that where the statute described more objects of larceny than one, the legislature are to be understood as mentioning them in contradistinction to each other, and an indictment must be framed according to the particular facts, even though one of the descriptive terms may be sufficiently comprehensive to include all; and the court adds, that "before the defendant receives the statutory punishment, he must be found guilty on an indictment charging the particular offence which he has committed";—citing Stark. Cr. Pl. 214, 249; 2 Hale's P. C. 182-3; 2 Hawk. 480, 486, 615, 616; 3 Chitty's Cr. L. 737; 2 East, p. 576.

It is my individual opinion, that the term adultery, as used in our Code, should be construed with reference to the subjects-matter with which it stands connected. When used with reference to divorce, it is to be taken in the canonical sense of that term, and embraces the infidelity of the husband to his wife, in his illicit sexual commerce with another woman, whether married or single, and so of the wife; but when considered with reference to the criminal law, it imports such sexual intercourse as violates another man's bed—as may entail a spurious issue upon the defrauded husband—" carnal knowledge of another man's wife," as defined by the civil law.— Woods' Inst. 272. Such appears to be the sense in which it was used in the Mosaic law, which punished it with death,— " the man because he hath humbled *his neighbor's* wife" (Deut. xxii, 23, 24, 29); and the sense in which lexicographers regard it.—See the word in Johnson's, Walker's and Webster's Dictionaries; also, Lewis' Cr. Law, pp. 41-43; 3 Arch. Cr. Pl. (edit. 1853), p. 615.

In The State v. Pearce, 2 Black. R. 318, it was held, that if a man have criminal intercourse with a married woman, it was adultery, and not fornication. So, in The State v. Lash, 1

Harr. R. 380, it was held by the Supreme Court of New Jersey, that an indictment charging a married man with adultery, in having criminal connection with an unmarried woman, should be quashed, as not constituting a good indictment for that offence. On the other hand, it seems to be settled as law in Pennsylvania, resulting, however, rather from an early practice which obtained in that State, than from the deliberate conviction of the courts as to the correct rule, that both parties must be married, or the crime would be fornication. 2 Dall. R. 124; 1 Yeates 6; 1 Ashm. 269.

In the case before us, it was distinctly proved that neither of the parties was married. The indictment contains a single count for adultery. The judge charged, that if the parties lived together in illicit cohabitation, they might be convicted of fornication; and the jury thereupon found the defendant guilty in manner and form as charged in the indictment. An intimation is given in The State v. Hinton and Watson, 6 Ala. 864, that a conviction for fornication could be had upon such indictment; but in that case there was a count upon each offence, and the jury found a general verdict. We are of opinion that the charge of the court was erroneous, being inconsistent with the law as we have above laid it down.

The sentence of conviction must, therefore, be reversed, and the cause remanded.