## Thomas Delany v. The People.

The offense of lewd and lascivious cohabitation under the statute is a joint offense, of which both the parties must be guilty, or neither.

And both must be joined as defendants in the same information or indictment, unless one of the parties be unknown, or since dead.

But though both must be jointly charged, the trials may be separate; and one may be convicted and sentenced before the other is tried.

An information which charged that one T. "did lewdly and lasciviously associate and cohabit with one M., he, the said T. being then and there a man, and she the said M. being then and there a woman, and they, the said T. and M., not being then and there married to each other," does not charge the parties with a joint offense, but is a charge against the man alone, and therefore bad.

*Heard April 26th and 29th. Decided May 27th.*

Error to the Recorder's Court of Detroit, where plaintiff in error was convicted upon an information of which the following is a copy:

" STATE OF MICHIGAN, }
    COUNTY OF WAYNE, } ss.
    CITY OF DETROIT, }

" The Recorder's Court in and for the city of Detroit: in said Court, of the November term thereof, in the year of our Lord one thousand eight hundred and sixty-one.

"In the name of the People of the State of Michigan, I, David E. Harbaugh, Prosecuting Attorney in and for said county of Wayne, who prosecutes for and on behalf of the People of said State, in said Court, come now here in said Court, and give the said Court here to understand and be informed, that Thomas Delany, late of said city of Detroit, on the first day of May, in the year of our Lord one thousand eight hundred and sixty - one, and from that day to the twentieth day of October, in the year last aforesaid, at the said city of Detroit aforesaid, did lewdly and lasciviously associate and cohabit with one Mary Stewart, of said city, he, the said Thomas Delany, being then and there a man, and she, the said Mary Stewart, being then and there a woman, and they, the said Thomas Delany and Mary Stewart, not being then and there married to each other; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Michigan.

> DAVID E. HARBAUGH,
> *Prosecuting Attorney of Wayne County, Michigan.*"

*Buel & Trowbridge*, for plaintiff in error, argued that the information was defective in not charging that Delany and Mary Stewart did lewdly and lasciviously associate and cohabit *together.* The crime created by the statute is a *joint* act. It requires the equal joint action of *two* persons: *Whart. Prec.* 776, 777; 1 *Swan*, 136; 2 *Yerg.* 589; 2 *Humph.* 414; 6 *Ired.* 340; 20 *Mo.* 210. Where the statute creates an offense which, from its nature, requires the participation of more than one person to *constitute* it, as in conspiracy, riot and the like, a single individual can not be charged with its commission: — *Whart. Cr. L.* § 367; 1 *Chit. Cr. L.* 271; 15 *Vt.* 22; 6 *Ired.* 340; 2 *Dev.* 569. The case can not be brought within the statute by inference, conclusion, intendment or implication: — 1 *Bish. Cr. L.* §§ 115, 134; *Whart. Cr. L.* § 364; 2 *Hawk. Ch.* 25 § 110; 4 *Port.* 410; 2 *Mass.* 127.

DELANY v. THE PEOPLE.

*C. Upson, Attorney General,* contra, referred to 1 *Mass.* 8; 10 *Mass.* 153; 4 *Cush.* 49; 1 *Pick.* 136, 139; *Train and Heard's Prec. of Ind.* 352; *Whart. Prec.* 774; 2 *Va. Cas.* 332; 2 *Metc.* 190.

CHRISTIANCY J.:

Does the information charge any offense for which the defendants can be legally convicted? It is clear it charges no offense at common law, as it is not charged to have been openly, publicly or notoriously committed:— 1 *Bish. Cr. Law,* § 379; 1 *Bl. Com.* 64; *Whart. Cr. Law,* § 2396; *State v. Evans.* 5 *Ired.* 603; *Commonwealth v. Catlin,* 1 *Mass.* 8.

It can not therefore be maintained unless it charge an offense within the statute. The charge is that " Thomas Delany, on the first day of May, in the year one thousand eight hundred and sixty-one, and from that day to the twentieth day of October, in the year last aforesaid, at &c., did lewdly and lasciviously associate and cohabit with one Mary Stewart, he, the said Thomas Delany, being then and there a man, and she, the said Mary Stewart, being then and there a woman, and they, the said Thomas Delany and Mary Stewart, not being then and there married to each other; contrary to the form of the statute," &c.

It is urged by the prisoner's counsel, that the offense created by the statute is a joint offense only, of which one alone can not be guilty; that both must be guilty or neither, and that the information charging Delany alone, charges no offense within the statute. The statute in question (*Comp. L.* § 5861) is in these words, "*If any man and woman, not being married to each other, shall lewdly and lasciviously associate and cohabit together,* or if any man or woman, married or unmarried, shall be guilty of open or gross lewdness and lascivious behavior, or shall designedly make any open and indecent exposure of his

or her person, or of the person of another, every such person shall be punished," &c. It is clear from the words of the statute that all the other offenses in this section, except that now in question, are several and not joint, as the joint language is dropped after the definition of this, the first offense mentioned in it.

The sufficiency of the information must depend, first, upon the question whether it was legally possible for Delany to commit the offense alone, without the woman being guilty of the same offense; and, if not, then, second, whether the information can be supported as a joint charge against both, and upon which both could be tried.

If the offense consisted simply in cohabiting with each other not being married, perhaps one might be guilty while the other was not; one might be insane; or the form of a marriage ceremony might have been adopted, which one might believe to be a valid and binding marriage, while the other, having a former husband or wife living, might know it to be void. Here, as one party might be acting in perfect good faith and without guilty knowledge, the cohabitation as to such party could hardly be called lewd and lascivious within the spirit of this statute. The same may perhaps be said of adultery, and even of incest; for, though the words of the statute in the latter case are in the form of a joint offense ( *Comp. L.* § 5870) yet one might be ignorant of the relationship, while the other had full knowledge of it. In such case, therefore, it may be fair to presume that the Legislature did not intend to make the offense strictly and necessarily joint, so that one could not be legally guilty without the other; and, if so, when the question arises upon the indictment or information, the want of a joint charge against the two might be no objection.

But in the case of lewd and lascivious cohabitation under this statute, not only must the parties, being unmarried, associate and cohabit with each other, but that

association and cohabitation must be lewd and lascivious on the part of both; if either was acting in good faith and without any guilty knowledge or guilty purpose, neither is guilty of this particular offense, though the one party might be guilty of adultery or some other several offense. It is not the several act, nor the criminal purpose of either, at which this particular provision is aimed; but the concurrent or combined action of the two with a common criminal purpose, which combined or joint action and common purpose constitute the offense, of which the action and purpose of each constitute only the separate ingredients. The analogy, therefore, so far as this question is involved, is complete between this offense and those of conspiracy and riot, which can not be committed by a single person:— 1 *Hawk. P. C. Ch.* 72 ; *Whart. Cr. Law*, §§.2339, 2348 *and* 431; *State v. Tom*, 2 *Dev.* (*Law*) 569.

The charge therefore must be joint; and both must be joined as defendants in the same information or indictment, unless one of the parties be unknown, or since dead: *Same authorities:* and see *People v. Olcott*, 2 *Johns. Cas.* 301; *Rex v. Nichols*, 13 *East*, 412 *note;* *Whart. Cr. Law*, § 2348.

But though they must be charged jointly, they may be tried separately, and one may be convicted and sentenced before the other is tried:— *Rex v. Cook*, 5 *B. & C.* 538; *State v. Tom*, 2 *Dev.* 569; *State v. Mainor*, 6 *Ired.* 240; 13 *East*, 412 *and note*. This, however, is on the principle that, as to the party thus tried, the guilt of both is found by the verdict:— *State v. Mainor*, 6 *Ired.* 340.

But the guilt of both can not thus be found, as to either, unless both be charged.

If one be tried, convicted and sentenced, and the other afterwards tried and acquited, this will, *ipso facto*, render the first conviction and judgment void;— *Hawk. P. C. b.* 2, *Ch.* 29. §40 (*7th ed.*); *State v. Tom*, *supra*; *Rex v. Cook*, 5 *B. & C.* 538.

The information therefore can not be supported unless it be found to be a sufficient charge against both, and upon which both might be tried and convicted. The Attorney General insists that the information is good against both—that it was impossible for him to associate and cohabit with her, without her associating and cohabiting with him at the same time, and therefore, to charge him, is to charge her also. But the crime does not consist merely in associating and cohabiting; but both must *lewdly and lasciviouly* associate and cohabit together. "If any man *and* woman, not being married, &c., shall lewdly and lasciviously associate and cohabit· together," &c. If a party can be charged with a crime in an indictment or information by mere implication, instead of a direct charge (which may well be doubted)—1 *Bish. Cr. Law*, §§ 115 134; *Whart. Cr. Law*, § 364—it must at all events be a *necessary* implication, and without which the facts charged could not possibly be true. But there is nothing in the information which necessarily implies that the association and cohabitation on the part of the woman was lewd and lascivious. All that is stated may be true, and yet she may have acted with good faith and innocence in the whole matter. She is not charged with having done anything; and the very form of the charge clearly indicates the intention not to make her a defendant, or to charge her with any offense.

We have been referred to but one case which is precisely in point,—*State v. Byron*, 20 *Mo.* 210,—which is the present case in all its features. The statute was the same in effect, the charge the same against the man alone, who was convicted, but the Court held the indictment bad and the conviction wrong, for the same reason we have given here.

We are referred by the Attorney General to *Hutchins v. Commonwealth*, 2 *Va. Cases*, 332, cited in *Wharton's Prec.* 1000, to show that this information is good against both parties. The Court in that case say the indictment charges the offense in the very words of the statute: and if the gist of the offense consisted in the "willing, unlawful

and incestuous cohabitation" (for we have not seen the statute), both parties were directly and distinctly charged. None of the cases cited by the Attorney General can, we think, be looked upon as an authority for sustaining this information against one, or to show that it is a sufficient charge against both. *Commonwealth v. Catlin*, 1 *Mass.* 8, was an indictment against the man alone for "open and gross lewdness and lascivious behavior," which, in its nature, as well as by the words of their statute (as well as ours) was clearly a several offense. *Commonwealth v. Calef*, 10 *Mass.* 153, was a case like the present, and involved the same question in its facts, but no such question was raised, nor, therefore, decided. The only question discussed or decided was, whether one act of intercourse constitutes cohabitation under the statute: and it was very properly held that it did not. There was no necessity for raising any other question. In *Commonwealth v. Hunt*, 4 *Cush.* 49, the point was not involved, nor any opinion given upon it. The same is true of *Commonwealth v. Putnam*, 1 *Pick.* 136, *and Commonwealth v. Elwell*, 2 *Metc.* 190.

*Commonwelth v. Goodhue*, 2 *Metc.* 193 may be supposed to involve a question similar to the question involved in the present case. Defendant was indicted for a rape upon his daughter, and it was held he might be convicted of incest, it not appearing to have been committed with force or against her will. The question was in all respects the same as it would be under our statute in a similar case. The case is not very fully reported, and no question of the joint nature of the offense was raised. But had it been raised, it may well be doubted, as already intimated, whether this statute in reference to incest (which is the same as ours) was intended to render incest strictly and solely a joint offense.

Upon the whole, we are satisfied that the information in this case charges no offense. The judgment of the Recorder's Court must therefore be reversed.

The other Justices concurred.