## BAUMER v. THE STATE.

CRIMINAL LAW.—*Incest.*—*Step-Mother and Step-Son.*—Under the statute, 2 G. & H. 452, sec. 45, to constitute the crime of incest from sexual intercourse between a step-mother and her step-son, they must each have had knowledge of their relationship, and the indictment must show such knowledge.

SAME.—The crime in such case is a joint one, and must be so charged, and one of the parties cannot be legally guilty unless the other is also guilty. They may be tried separately, and one may be convicted and sentenced before the other is tried. If one is acquitted, the other must be discharged, and the acquittal of one may be pleaded in bar of a prosecution against the other.

.From the Wayne Circuit Court.

*A. B. Young,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

DOWNEY, J.—This was a prosecution against the appellant for incest. The charge in the indictment is as follows:

" The grand jurors for said State of Indiana impanelled, charged and sworn in the Wayne Circuit Court to inquire within and for the body of the same said county of Wayne, upon their oath charge and present that Arthur Baumer, late of said county, at said county, on the 30th day of May, A. D. 1874, did then and there unlawfully have sexual intercourse with his step-mother, Augusta Baumer, then and there knowing the said Augusta Baumer to be his step-mother, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The defendant moved the court to quash the indictment, but his motion was overruled, and he excepted. He then pleaded a special plea in bar, in which he alleged, " that the said grand jury, which found and returned the indictment, at the November term, 1874, of the said court, also found and returned at the same time into said court as a true bill and indictment against Augusta Baumer, charging that she, the said Augusta, on the —— day of May, 1874, at said county, did unlawfully have sexual intercourse with her step-son Arthur Baumer (this defendant meaning), she, the said Augusta, then and there knowing that he, the said Arthur, was her step-son, which said Augusta Baumer so charged is the same Augusta Baumer named in the said indictment against this defendant, and the said Arthur Baumer named in the said indictment against the said Augusta was and is this defendant, and the act of sexual intercourse therein charged was the same act of sexual intercourse charged in said indictment against this defendant, and none other, and the offences charged in the said two indictments so found and returned by the said grand jury were and are the same to all intents and purposes ; and afterward, to wit, at the said November term of said court, the said Augusta

Baumer, being arraigned in said court upon the said indictment found and returned against her as aforesaid, pleaded not guilty thereto, and the issue being joined in said cause between the State of Indiana and the said Augusta, the same came on for trial in said court and was there tried by a jury duly empanelled in said court, and on said trial it was proved by competent evidence and beyond a reasonable doubt that the said Augusta, at the time of the said alleged sexual intercourse, had knowledge of the relationship existing between her and the said defendant; that she was at said time the step-mother of the said defendant, and he was her step-son; and there was no evidence given on said trial proving or tending to prove that the said Augusta was, at the time of the said alleged intercourse, or at any other time insane, or of unsound mind, or incapable of understanding the criminal nature of said alleged act; and the said jury, having heard the evidence in the cause, and after due deliberation thereon, found and returned into said court their verdict in the words following, to wit: ' We the jury find the defendant not guilty ;' and thereupon the said Augusta was discharged from said indictment, and the said prosecution against her was fully ended; wherefore the said defendant says that the State of Indiana ought not further to prosecute the said indictment against him, and he prays that he may be discharged therefrom."

The State demurred to this answer, the demurrer was sustained, and the defendant excepted. The prisoner then pleaded not guilty, the cause was tried by a jury, there was a verdict of guilty, with punishment of nine months' imprisonment in the county jail. Judgment was rendered accordingly.

The errors assigned bring in question the action of the court in overruling the motion to quash the indictment, and in sustaining the demurrer to the answer.

The statute on which the indictment is founded reads as follows:

" If any step-father shall have sexual intercourse with his step-daughter, knowing her to be such, or if any step-mother and her step-son shall have sexual intercourse together, having

knowledge of their relationship, or if any parent shall have sexual intercourse with his or her child, knowing him or her to be such, or if any brother and sister, being of the age of sixteen or upwards, shall have sexual intercourse together, having knowledge of their consanguinity, every person so offending shall be deemed guilty of incest, and, on conviction thereof, shall be imprisoned in the state prison not less than two nor more than ten years, or may be imprisoned in the county jail not less than six nor more than twelve months." 2 G. & H. 452, sec. 45.

The section may be analyzed to advantage.

1. It declares, that " if any step-father shall have sexual intercourse with his step-daughter, knowing her to be such," he shall be guilty. Here the step-daughter is not legally guilty of any crime. The step-father is guilty, if he have knowledge that she is his step-daughter, and this is so whether she has knowledge that he is her step-father or not. The crime is separate and several on his part.

2. " If any step-mother and her step-son shall have sexual intercourse together, having knowledge of their relationship." This language, it will be perceived, is quite different from the preceding. It is required that they shall have sexual intercourse together, and that they shall both have knowledge of their relationship. In this case both parties to the act become guilty, and liable to punishment. The crime is a joint one, and one of the parties cannot be guilty unless the other also is guilty.

3. " If any parent shall have sexual intercourse with his or her child, knowing him or her to be such." In this case, the parent is the only party made criminally responsible. The crime is the separate and several crime of the parent, while the child is not punishable at all. Applied to persons sustaining this relation to each other, the law is like it is with reference to the relation of step-father and step-daughter.

4. " If any brother and sister, being of the age of sixteen or upwards, shall have sexual intercourse together, having knowledge of their consanguinity." Here, as under the sec-

ond clause of the statute, the crime is joint. The parties must have intercourse together, with knowledge of their consanguinity.

The indictment in this case is on the second clause of the statute, and consequently we need only decide upon the proper construction of that part of the section. That its proper construction is that which we have already indicated, we think is reasonably clear, upon the language of the statute itself.

We are referred by counsel for appellant to, and cite in support of this construction of the statute, the following authorities: Bishop Stat. Crimes, secs. 731, 721, and 702; *The State* v. *Byron*, 20 Mo. 210; *Noble* v. *The State*, 22 Ohio St. 541; *Delany* v. *The People*, 10 Mich. 241. In the last named case the information was on a statute, the language of which, so far as it affected the case in judgment, was as follows: "If any man and woman, not being married to each other, shall lewdly and lasciviously associate and cohabit together, * * every such person shall be punished," etc. It was held, that the offence was joint, and that both of the parties must be guilty, or neither.

The indictment in the case which we are considering alleges only that the defendant "did unlawfully have sexual intercourse with his step-mother, Augusta Baumer, then and there knowing the said Augusta Baumer to be his step-mother." Such an allegation of the crime might have been good, according to our view of the statute, had the indictment been against a step-father, or a parent, where the guilty participation of the other party to the act is not a necessary ingredient of the crime. But, as between step-mother and step-son, where the crime is joint, and where both must be guilty, or neither, we think it is fatally defective.

I follows, from what has already been said, that the court erred in sustaining the demurrer to the answer of the defendant, setting up the acquittal of Augusta Baumer, the step-mother, and other party to the alleged joint crime.

In addition to the above cited authorities, we may, on this point, refer to the following: *State* v. *Tom*, 2 Dev. 569;

*The King* v. *The Inhabitants, etc.*, 13 East, 411; *Turpin* v. *The State*, 4 Blackf. 72.

In the last named case, which was a prosecution for riot against three persons, upon the trial two were acquitted, and one found guilty. It was held, that upon this verdict no judgment could be pronounced against the defendant found guilty.

In the case of *Delany* v. *The People, supra*, it was held, that the parties must both be joined as defendants in the same information, but we do not care to lay this down as law.

Whether they be prosecuted in the same indictment or not, the crime must be charged as a joint crime. They may be tried separately, and one may be convicted and sentenced before the other is tried. If one be tried and acquitted, the other must be discharged; and, it is said, in the Michigan case, that if one be tried, convicted, and sentenced, and the other tried and acquitted, this will, *ipso facto*, render the first conviction void.

The judgment is reversed, and cause remanded, with instructions to quash the indictment, and discharge the defendant.