## STATE *v.* C. W. SEARLE.

*Criminal Law. Adultery. Pleading.*

1. Under our statute prior to the adoption of the Revised Laws, criminal intercourse between a married man and unmarried woman was not adultery; and an indictment under G. S. c. 117, s. 1, was defective in not alleging that the woman was married; and if under s. 2, it was defective in not alleging that she was unmarried.
2. It was not necessary that the parties to the crime be jointly indicted.

INDICTMENT charging adultery. Heard on demurrer, April Term, 1883, ROYCE, Ch. J., presiding. Demurrer overruled, and cause passed to the Supreme Court. The indictment alleged that the "said Chester W. Searles then and there being a married man and having a lawful wife then living, to wit,——— did then and there commit the crime of adultery with a woman known and called ———, by then and there having carnal knowledge of the body of the said ———, she, the said ——— then and there not being the wife of the said Chester W. Searles."

*Edson, Cross & Start* and *H. S. Royce*, for the respondent, cited *State* v. *Armstrong*, 4 Minn. 335 ; *State* v. *Lash*, 16 N. J. 380 ; *State* v. *Wallace*, 9 N. H. 515 ; Vermont Justice, 615 ; 1 Arch. Cr. Pl. 1036 ; 4 Bl. Com. 306 ; *Commonwealth* v. *Moore*, 47 Mass. 243 ; *State* v. *Northfield*, 13 Vt. 565 ; 10 Conn. 471 ; 19 Conn. 295.

*Alfred A. Hall* and *W. D. Wilson*, for the State, cited 2 Bish. Cr. L. s. 11 ; *Hull* v. *Hull*, 2 Strob. (S. C.) 174 ; *Cook* v. *State*, 11 Ga. 53 ; *Commonwealth* v. *Call*, 21 Pick. 509 ; *Tucker* v. *State*, 35 Tenn. 113 ; 5 Jones, (N. C.) 416 ; *State* v. *Little*, 1 Vt. 331 ; *State* v. *Daley*, 41 Vt. 564 ; *State* v. *Cross*, 38 Vt. 437 ; *State* v. *Jones*, 33 Vt. 443 ; 2 Bish. Cr. Proc. s.

State *v.* Searle.

12 ; *State* v. *Hinton*, 6 Ala. 864 ; .Vermont Justice, 719 ; 2 Green. Ev. s. 48 ; *Miner* v. *The People*, 58 Ill. 60 ; *Helfrich* v. *The Commonwealth*, 6 Casey, 68.

The opinion of the court was delivered by

VEAZEY, J. The first question raised by the demurrer is, whether criminal intercourse between a married man and a single or unmarried woman is adultery in the man. The authorities are conflicting upon this point. Those cited by the State hold one way ; those by the respondent the other. So far as this difference exists in reported cases it may have grown out of a difference in statutory provisions ; not in statutory definitions of adultery as those are rarely if ever found ; but in provisions that indicate the legislative view, and control the judicial and legal view. At the time of the alleged crime our statutes, now changed in the Revised Laws, read as follows:

" Sec. 1. Every person who shall commit the crime of adultery shall be punished by imprisonment in the State prison not exceeding five years, and be fined not exceeding $1000, or either of said punishments in the discretion of the court.

" Sec. 2. If any married man shall commit an act or have a connection with an unmarried woman, which would constitute the crime of adultery *in case said woman had a husband living*, both persons committing such act or having such connection, shall be punished as is provided in case of adultery." G. S. c. 117.

The second section seems to us to preclude the idea of adultery where the intercourse is with a single woman. These sections were enacted at the same time, and originally formed but one section. The terms of the enactment constitute a legislative construction, evidently based on the theory that to make out adultery the intercourse must be such as *might* produce a spurious issue in a family which could happen only when the woman was married. This was the early common law theory, though contrary to the ecclesiastical law. 3 Bl. Com. 139 ; Buller, N. P. 26 ; Bac. Ab. Marriage and Divorce, 569 ; *State* v. *Lash*, 16 N. J. 380 ; *State* v. *Armstrong*, 4 Minn. 335. The above con-

State *v.* Searle.

struction of the statute was the view taken of it by Judge BEN-NETT, in his work entitled Vermont Justice, page 616. He says: "We apprehend, under our law, the sexual intercourse of any man with a married woman is adultery in both. But the illicit connection of a married man with an unmarried woman is not adultery in either, but each of the offenders is to be punished for the offense as in the case of adultery." The same view of our statute was taken by Mr. Waterman in his notes to 2 Arch. Cr. Prac. & Pl. Vol. II. p. 1036.

Under this construction of the statute the indictment was defective under the first section, in not alleging that the woman was married. It was also defective under the second section in not alleging that she was unmarried. The object of the second section was to provide for the case where the act is committed by a married man with an unmarried woman. The court cannot presume the woman was unmarried. The case must be brought within the statute by allegation.

If it were not for the controlling effect of the second section upon the question as to what constitutes adultery under the first section, it would not be difficult to- hold upon authority and reason that it is adultery for a married man to have sexual intercourse with an unmarried woman ; and this would bring the criminal statute in harmony with the divorce statute, it having been the universal practice in this State to hold that adultery was made out for the purposes of divorce when the act was committed by a married man with a single woman as well as with a married woman. The reason of this is that the divorce law is derived from and construed by that branch of the body of the English common law known as the ecclesiastical law, wherein adultery is defined, according to Godolphin, " as the inconstancy of married persons, or of persons whereof the one at least is under the conjugal vow." ,And further on he adds : " For the law holds that it may be committed in a three-fold manner, either *ex parte viri, vel feminœ, vel utriusque ;* always supposing that one or both are matrimonialized and both living." 2 Bish. Cr. L. s. 15.

We put the decision of this case upon the construction which the statute itself compels, though not in terms defining adultery, and which is different from the established construction of the divorce statute.

The other ground of objection that it is necessary to join both parties in the indictment is not well taken. The provision that *both parties* shall be punished, etc., does not import that both must be joined in the indictment. *State* v. *Brown*, 49 Vt. 440; Bish. Cr. Prac. ss. 263, 264, 266; *State* v. *Davis*, 2 Sneed, 273; Vermont Justice, p. 719. The exceptions are sustained.

The judgment is reversed, the indictment adjudged insufficient, and quashed.