# KING v. THE PEOPLE.

*(Supreme Court of Colorado, Feb. 29th, 1884—Error to the District Court of Clear Creek County.)*

1. INDICTMENT. An indictment which charges that "K  *  *  *  and one Martha E, did then and there unlawfully live together in an open state of fornication," is good.

2. PROOF.  Evidence that "K told me after the indictment was found, that he did not see, as she was a public woman, why he should be prosecuted for sleeping with her, any more than other men who went to the row and slept with other women," is sufficient to justify the Court and jury to conclude the "overt act" was committed.

*Per Curiam.*   The first assignment of error requires no argument from us; it is answered by the indictment itself.   The offense *is* charged jointly;  the language is, "that Theodore King  *  *  *  and one Martha Estes, did then and there unlawfully live together in an open state of fornication."   This is substantially the language of the statute.   In *Delany* v. *The People*, 10 Mich., 241, cited and relied on by counsel, the information charged that Thomas Delany  *  *  *  "did lewdly and lasciviously associate and cohabit with Mary Stewart." The Court held that Mary Stewart could not be convicted of the statutory offense upon this information, and hence Delany could not; that the offense was made joint by statute and each must not only join in the act, or acts, but that both must do so "lewdly and lasciviously," or neither could be convicted; and therefore the information must charge them jointly.   This conclusion concerning the indictment or information is not uncontradicted.   See Bishop on Stat. Crimes, Sec. 708, and cases.

But as already observed, the objection, even if available in a proper case, is without foundation in the one before us.

The assignment based upon error in the admission of testimony is not well taken.   Counsel admit that "if there had been any evidence of any overt act of plaintiff in error in connection with Martha Estes," the evidence of which they complain was proper.

The witness, Campbell, testifies as follows:  "King told me after the indictment was found, that he did not see, as she was a public woman, why he should be prosecuted for sleeping with her, any more than other men who went to the row and slept

with other women." No testimony was offered contradicting this witness or questioning the foregoing statement made by him.

We are not advised of counsel's views as to what proof would be sufficient to establish the "overt act," as they term it; but in our judgment, the Court below and jury were not far astray in considering this undisputed evidence as ample to dispel any doubt upon the question.

These are the only objections we deem it necessary to notice.

The judgment will be affirmed.                    *Affirmed.*

*Post & Smith*, for plaintiff in error.

*D. F. Urmy*, Attorney General, for the people.