THE STATE, DEFENDANT IN ERROR, v. CHARLES SHARP, PLAINTIFF IN ERROR.

Submitted March 23, 1907—Decided June 10, 1907.

1. Upon overruling a demurrer to an indictment for a misdemeanor the court may enter judgment at once, or, in its discretion, permit the demurrer to be withdrawn and a plea interposed.
2. An indictment charging that the defendant did commit fornication with Sarah A. C. is good without stating that Sarah was an unmarried woman.

On error to the Atlantic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRETSON and REED.

For the plaintiff in error, *John J. Crandall.*

For the state, *Joseph E. P. Abbott,* prosecutor of the pleas.

The opinion of the court was delivered by

REED, J. The defendant, Charles Sharp, was indicted by the Atlantic county grand jury for that in said county he did commit fornication with Sarah Augusta Cavileer and then and there carnally knew the said Sarah Augusta Cavileer. To this indictment the defendant, after pleading not guilty, withdrew his plea and interposed a demurrer to the indictment. The trial court overruled the demurrer and called upon the defendant to again plead. This the defendant refused to do. The court then caused a jury to be empaneled to try whether the defendant stood mute obstinately and on purpose, and the jury returned a verdict that the defendant stood mute obstinately.

It was then ordered that a plea of not guilty be entered for the defendant, and thereupon a jury was called to try the issue formed by the said plea of not guilty, which jury returned a verdict of guilty. The court pronounced judgment that the

defendant be fined and imprisoned. This judgment is brought up by this writ.

Upon the overruling of the demurrer the defendant was not entitled of right to a trial. The court could at once have pronounced judgment. This course of practice is entirely settled in common law. *Arch. Cr. Pr. & Ev.* 116; 2 *Hawk. P. C.*, ch. 31, § 7; *Reg.* v. *Gibson*, 8 *East* 107-111; *Rex* v. *Taylor*, 5 *Dowl. & Ry.* 422; *Rex* v. *Birmingham and Gloucester Railway Co.*, 3 *Q. B.* (*Ad. & E.*) 223.

Everywhere in this country, if there is a demurrer to an indictment for a misdemeanor and it is overruled, the judgment, unless the demurrer is permitted to be withdrawn, is final against the defendant. 1 *Bish. Cr. Pro. & Pr.*, § 784.

The demurrer was not withdrawn in this case. The defendant had the right to either stand upon it or to waive it by asking leave to withdraw it so that he could plead to the indictment. He chose to do the former.

The two subsequent trials, however, did the defendant no injury, for the judgment entered is supported by the record, and the overruled demurrer unwithdrawn.

Indeed, the plaintiff in error assigns no error, attacking the judgment on the ground that the trials were irregular. His refusal to plead was obviously designed to preserve his strict rights as a demurrant, and so his assignment of error was logically based upon the issue raised by the demurrer, namely, whether the indictment was legally sufficient.

The first point of attack upon the indictment is that it fails to state that the woman with whom the defendant is charged with committing fornication, and with having carnal knowledge of, was an unmarried female.

When a statute creates a misdemeanor by defining the elements which make up the offence the rule is that the statutory language shall be used in the indictment. Thus, in Massachusetts, the statutory provision is that if a man commits fornication with a single woman each of them shall be punished, and the Massachusetts court held that the statutory language or its equivalent must be used in an indictment for fornica-

tion, and therefore it must appear that the parties were not married. *Commonwealth* v. *Murphy, 2 Allen* 163.

Our statute, however, does not attempt to define what shall be fornication. The statutory language is "Any person who shall commit fornication shall be guilty of a misdemeanor." *Pamph. L.* 1898, *p.* 807, § 48.

The word "fornication" is a word of long-settled meaning, and implies an act with an unmarried woman; so where the statute simply makes fornication a misdemeanor, the use of the word "fornication," as descriptive of the act, would seem to be sufficient.

Mr. Bishop says that, in an indictment, no greater certainty is necessary than will show a *prima facie* case, and the prosecutor, it is believed, is not required to-prove that the party was not married, and therefore, in the absence of particular statutory words, the prosecutor could not be called upon to allege that the parties were not married. A marriage would seem, in its nature, to be a matter of defence, while it is a matter lying peculiarly within the knowledge of the defendant. *Bish. Stat. Cr.,* § 693.

In this state it has been ruled that the state is not bound to prove that the woman with whom the commission of the act is charged was unmarried, that being the presumption. *State* v. *Gaunt,* 21 *Vroom* 490.

The state being not required to prove the singleness of the woman, it follows, in the language of Mr. Bishop, that the state, in the absence of statutory language, is not called upon to allege it.

This view is supported by the very satisfactory opinion delivered by the Supreme Court of Indiana in the case of *State* v. *Stephens,* 63 *Ind.* 542.

It is also assigned for error that it should have been alleged that the birth of a bastard followed the act of copulation. For this position the case of *Smith* v. *Minor, Coxe* 19, is cited.

That case merely holds that at the time of the decision, 1790, fornication was not a crime in this state, either at common law or under any statute. In construing the statute then in existence, the court held that it required not only

fornication, but something more, namely, the birth of issue to constitute a statutory crime, but Judge Paterson's Crimes act of 1796 made fornication itself criminal, and since then it has never been questioned until now, that the offence made a crime, was not completed by intercourse of the kind with an unmarried woman. Of course, birth of issue may be evidence of the act, but it is not a part of the misdemeanor.

We think the indictment was good, and the judgment should be affirmed.