PEOPLE v. SMITH.

1. INDICTMENT AND INFORMATION — SUFFICIENT IF STATUTORY OF-
   FENSE CHARGED IN LANGUAGE OF STATUTE.
   It is the general rule that in charging a statutory offense,
   it is sufficient if it is charged in the language of the
   statute, and reasons of public policy make said rule es-
   pecially applicable to cases charging lewd and lascivious
   association and cohabitation.[1]

2. SAME—LEWD AND LASCIVIOUS COHABITATION—NOT NECESSARY TO
   CHARGE THAT OFFENSE WAS OPEN AND NOTORIOUS.
   An information charging in the language of the statute
   (3 Comp. Laws 1915, § 15467) that defendants did lewdly
   and lasciviously associate and cohabit together was suf-
   ficient although it did not charge "that the offense was
   open and notorious."[2]

3. CRIMINAL LAW — APPEAL AND ERROR — FURTHER INSTRUCTIONS
   SHOULD BE REQUESTED IF DESIRED.
   Where, in a brief charge, the trial court fully protected
   the rights of the defendants, if they desired further in-

[1]Indictments and Informations, 31 C. J. §§ 260, 268; Lewdness,
36 C. J. § 11; [2]Id., 36 C. J. § 16.

structions they should have preferred requests on such branches of the case as they deemed important.[3]

4. SAME—CORRECT STATEMENT OF STATUTE BY JUDGE SUFFICIENT.
   Where, in a prosecution under 3 Comp. Laws 1915, § 15467, for lewdly and lasciviously associating and cohabiting together, the judge's statement of the substance of the statute was correct, he was not required to read it.[4]

Error to Genesee; Black (Edward D.), J. Submitted April 16, 1925. (Docket No. 124.) Decided May 14, 1925.

John B. Smith and Onie Singleton were convicted of lewd and lascivious cohabitation, and sentenced respectively to imprisonment for not less than six months nor more than one year in the Michigan reformatory at Ionia and the Detroit house of correction. Affirmed.

*De Hull N. Travis,* for appellants.

*Andrew B. Dougherty,* Attorney General, and *William R. Roberts,* Prosecuting Attorney, for the people.

FELLOWS, J. Defendants were convicted under an information charging that:

"John B. Smith and Onie Singleton, late of the city of Flint, in the county of Genesee, and State of Michigan, heretofore, to-wit: On or about the 28th day of May, in the year one thousand nine hundred and twenty-two and on divers and other days and times between that day and the 22d day of November, A. D. 1924, at the city of Flint, in said Genesee county, did lewdly and lasciviously associate and cohabit together, he, the said John B. Smith, and she the said Onie Singleton, not being then and there lawfully married to each other, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan."

---

[3]Criminal Law, 17 C. J. § 2498; [4]Lewdness, 36 C. J. § 29.

Defendants' counsel seasonably moved to quash the information because it did not charge "that the offense was open and notorious." This motion was overruled. The statute under which this prosecution was brought (3 Comp. Laws 1915, § 15467) is as follows:

"If any man and woman, not being married to each other, shall lewdly and lasciviously associate and cohabit together, or if any man or woman, married or unmarried, shall be guilty of open and gross lewdness and lascivious behavior, or shall designedly make an open and indecent or obscene exposure of his or her person, or of the person of another, every such person shall be punished by imprisonment in the county jail not more than one year, or by fine not exceeding five hundred dollars."

It will be noted that this statute makes a statutory offense of: (*a*) lewd and lascivious association and cohabitation, (*b*) open and gross lewdness and lascivious behavior, and (*c*) open and indecent or obscene exposure. It will also be noted that, by its terms, lewd and lascivious cohabitation is made an offense as well as open and gross lewdness. The case relied upon by defendants' counsel (*Delany* v. *People,* 10 Mich. 241) does not support his contention. The question there before the court was whether both parties must be joined as defendants. Mr. Justice CHRISTIANCY, who wrote for the court, called attention to the fact that the information did not charge a common-law offense because not charged to have been openly, publicly or notoriously committed. This but emphasized the fact that the offense is a statutory one. It is the general rule that, in charging a statutory offense, it is sufficient if it is charged in the language of the statute. *Rice* v. *People,* 15 Mich. 9; *People* v. *Taylor,* 96 Mich. 576 (21 L. R. A. 287); *People* v. *Rogulski,* 181 Mich. 481; and reasons of public policy make this general rule especially applicable to this character of cases. *People* v. *Girardin,*

1 Mich. 90; *People* v. *Hicks,* 98 Mich. 86; *People* v. *Kennedy,* 176 Mich. 384 (Ann. Cas. 1916A, 895); *People* v. *Carey,* 217 Mich. 601. The information follows the language of the statute; it is in the form prescribed by a recognized authority (Tiffany's Criminal Law [5th Ed.], 891); it is sufficient.

In a brief charge fully protecting the rights of defendants the case was submitted to the jury; we discover no error in it. If defendants had desired further instructions they should have preferred requests on such branches of the case as they deemed important. It was not required of the court to read the statute to the jury and his statement of the substance of it was correct.

The judgment will be affirmed.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.