110 N.J. Super. 365 (1970)
265 A.2d 817
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES BARR AND JUNE CLARK, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 27, 1970.
Decided May 22, 1970.
*367 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. David M. Hoffman argued the cause for defendant Barr (Messrs. Eckhaus, Guston & Hoffman, attorneys).
Mr. Edward Goldberg argued the cause for defendant Clark.
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
PER CURIAM.
Following a joint jury trial, both defendants appeal from judgments of conviction for fornication (N.J.S.A. 2A:110-1). Barr was sentenced to serve three months in the county jail. Miss Clark received a six-month suspended sentence.
Defendants first contend that N.J.S.A. 2A:110-1 is constitutionally invalid because it unjustifiably interferes with defendants' right of privacy protected by the due process clause of the Fourteenth Amendment to the Federal Constitution. The basis of this contention is that consensual and heterosexual intercourse between two adults is within the protected area of privacy and cannot be regulated or proscribed by state statute. Defendants thus argue that our fornication statute is antiquated and outmoded and therefore it should be stricken down. This contention and the supporting arguments are without merit.
Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965), upon which defendants rely is inapposite. *368 In that case defendants were convicted of accessories for violating a statute which made the use of contraceptives a criminal offense. They were charged with giving information, instruction and advice to married persons as a means of preventing conception. The court, in reversing defendants' convictions, held that the statute was invalid as an unconstitutional invasion of privacy of married persons. Further, it was therein noted by Mr. Justice Goldberg in his concurring opinion that every violation of privacy by a state is not necessarily unconstitutional. A state may significantly encroach on a person's liberty upon showing a subordinating state interest which is compelling or that the enacted law is necessary to the accomplishment of a permissible state policy. Id. at 497, 85 S.Ct. 1678. It was in this reference that the Justice stated, "The State of Connecticut does have statutes, the constitutionality of which is beyond doubt, which prohibit adultery and fornication." (at 498, 85 S.Ct. at 1689; emphasis added).
The crime of fornication (N.J.S.A. 2A:110-1) has been on our statute books since 1796. Paterson's Laws (1800 ed.), at 210. It has long been the legislative policy of this State to deal with fornication under the general heading of crimes against public morals. State v. Brenner, 132 N.J.L. 607, 611 (E. & A. 1944). The State's interest has always been to prevent the birth of illegitimate children as well as to prevent illicit intercourse.
Defendants allege that the statute making fornication a crime is a relic of ancient times and not in keeping with the code of morals presently existing. They point to the Model Penal Code, sponsored by the American Law Institute, which they allege has recommended the legalization of all private nonviolent consensual sexual conduct between adults. Model Penal Code, § 207.1, comment at 207 (Tent. Draft No. 4, 1955).
A similar argument was advanced and rejected in State v. Moore, 105 N.J. Super. 567 (App. Div.), certif. den. 54 *369 N.J. 523 (1969), on an attack upon our statutory rape statute (N.J.S.A. 2A:138-1). Therein we stated that (at 571) "It is for that body [the Legislature], not the courts, to change the law, if it chooses to subscribe to a more liberal pattern of sex behavior * * *." It is obvious that this court does not have authority to promulgate provisions of the Model Penal Code as the law of this State even if it were inclined so to do. See State v. Schantz, 98 Ariz. 200, 403 P.2d 521, 529 (1965).
We consider next defendants' assertion that their convictions should be reversed because the State failed to prove all of the necessary elements of the crime charged. First, they contend that in addition to intercourse between consenting single adults, the State should have, but did not prove, the resultant production of an illegitimate child which became a burden on the community. Defendants rely upon Smith v. Minor, 1 N.J.L. [16], 19 (Sup Ct. 1790), in support of their position. The identical issue was presented, including reliance upon Smith v. Minor, supra, and rejected in State v. Sharp, 75 N.J.L. 201 (Sup. Ct. 1902), aff'd 76 N.J.L. 576 (E. & A. 1908). The court held specifically that birth of issue is not a part of the crime of fornication. (75 N.J.L. at 204).
Under this point, defendants also argue that the State failed to prove that the alleged criminal acts took place within the county wherein they were indicted and tried, or within this State. This point lacks merit. Crimes are offenses against the State rather than a territorial subdivision of it. The Superior Court has original general jurisdiction throughout the State in all cases. Hence, if it appears the offense was committed within the State, there is no issue as to jurisdiction in the court. State v. DiPaolo, 34 N.J. 279, 284-289 (1961), cert. den. 368 U.S. 880, 82 S.Ct. 130, 7 L.Ed.2d 80 (1961). There was testimony that intercourse had taken place in Paterson and that three children were born in that city. The site of a *370 crime need not be proved by direct evidence; it may be established by circumstantial evidence which permits the drawing of an inference that the crime was committed in this State. State v. McDowney, 49 N.J. 471, 475 (1967). Here, the circumstantial evidence present in the record reasonably supports such an inference.
Defendants also contend that (1) their prosecution under N.J.S.A. 2A:110-1 is constitutionally invalid because it constitutes discriminatory enforcement of a state law, in violation of the Equal Protection Clause of the Fourteenth Amendment; (2) their Fifth Amendment rights were violated by (a) the State's failure to advise them of their rights prior to obtaining from them the initial incriminating information, and by (b) the State's compelling defendant Clark to incriminate herself as a condition of receiving welfare support; and (3) defendant Barr's sentence was unfairly imposed in that he was not afforded disclosure of detrimental information in his presentence report and a reasonable opportunity to be heard thereon. We have considered each of these contentions and find that all are without merit.
Judgment affirmed.